# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | Case No. 07 CV 2898 |
| Plaintiffs, | ) ) | Judge Robert W. Gettleman |
| v. | ) ) | Magistrate Judge Sidney I. Schenkier |
| ACE INA HOLDINGS, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, et al., | ) ) ) | |
| Counter-Claimants, | ) ) | |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Counter-Defendants. | ) ) | |
| _____ | ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY, individually, and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, | ) ) ) ) ) ) ) | Case No. 09 CV 2026<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Sidney I. Schenkier |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT REGARDING**
**CLASS CERTIFICATION DISCOVERY**

#324397

Pursuant to the Order of Magistrate Judge Schenkier dated November 17, 2009, the parties to the above-captioned actions file this Joint Status Report Regarding Class Certification Discovery.

Pursuant the Court's Order dated October 6, 2009, AIG served the Class Plaintiffs and Liberty Mutual with the following discovery requests regarding topics it believes relevant to class certification on October 16, 2009:

- Document requests to Class Plaintiffs;
- Document requests to Liberty Mutual;
- Interrogatories to Class Plaintiffs; and
- Interrogatories to Counsel for Class Plaintiffs.

On November 6, 2009, Class Plaintiffs and Liberty Mutual served their responses and objections to these discovery requests.

On November 10, 2009, AIG sent letters to Class Plaintiffs and to Liberty Mutual addressing AIG's disagreements with certain objections lodged by Class Plaintiffs and Liberty Mutual.  (*See* Exhibits A and B.)

On November 12, 2009, Class Plaintiffs and Liberty Mutual responded to those letters. (*See* Exhibits C and D.)

On November 13, 2009, the parties conducted a meet and confer.

Set forth below is a summary of the agreements reached between the parties and the remaining disagreements that require a determination by the Court.[1]

---

[1] The parties are in the process of discussing the scope of AIG's 30(b)(6) depositions of Class Plaintiffs and Liberty Mutual.  In the event the parties are unable to work out their differences, they will seek leave to supplement this report prior to the December 7, status hearing.

**I.      SUMMARY OF AGREEMENTS REACHED BY THE PARTIES**

Attached hereto as Exhibit E is a letter from counsel for AIG to counsel for Class Plaintiffs and Liberty Mutual that memorializes the parties' disputes and the agreements that have been reached.  Counsel for Class Plaintiffs and Liberty Mutual have countersigned the letter to confirm their agreement that it accurately sets forth those disputes and agreements.

**II.     ISSUES AS TO WHICH THE PARTIES HAVE A DISPUTE**

The parties have been unable to reach agreement regarding the following issues:

**A.      Documents regarding compensation of Class Plaintiffs' Executives**

**Disagreed:**  The parties are unable to reach agreement regarding whether Class Plaintiffs and Liberty Mutual should produce documents sufficient to show the involvement of Liberty Mutual in determining the compensation paid to the officers and senior executives of Class Plaintiffs.

**Position of Class Plaintiffs and Liberty Mutual:**

The Court permitted AIG to take "some discovery to vet" whether Safeco and Ohio Casualty are acting independently of Liberty Mutual.  (10/6/09 Tr. At 17.)  Accordingly, Class Plaintiffs and Liberty Mutual have agreed to produce non-privileged documents, to the extent they exist, concerning:

(a)     The decision to name Safeco and Ohio Casualty as class representatives;

(b)     Any understanding or agreement concerning the indemnification or payment of litigation expenses;

(c)     The decision to change counsel representing the class;

(d)     Liberty Mutual's corporate structure and the identity of its officers and directors;

(e)     The polices and practices by which Safeco and Ohio Casualty officers and directors are selected;

(f)     Safeco and Ohio Casualty's position within the Liberty Mutual corporate structure;

(g)     The identity of officers and directors of Safeco and Ohio Casualty that are also officers or directors of Liberty Mutual;

3

  (h)  Reinsurance agreements and intercompany pooling agreements between Liberty Mutual and Safeco and/or Ohio Casualty;

  (i)  The parties' association with a group or affiliation as that term is defined in the Articles of Agreement; and

  (j)  Class counsel's prior representation of Liberty Mutual.

In addition, Class Plaintiffs have offered to enter into a stipulation with AIG regarding Liberty Mutual's control over Class Plaintiffs – an offer AIG has yet to accept or reject.

This extensive discovery, along with the proposed stipulation, provides AIG with more than sufficient information with which to present its "control" argument in opposition to class certification. AIG's request for additional information regarding executive compensation is overly broad and unnecessary. With the information and documents Class Plaintiffs and Liberty Mutual already have agreed to provide, AIG will know, among other things, how Class Plaintiffs fit within the Liberty Mutual corporate structure and that there is overlap between officers and directors at Liberty Mutual and at Safeco and Ohio Casualty. Clearly, AIG has enough to make its argument. It has no legitimate basis to inquire further into confidential matters concerning executive compensation.

**AIG's Position:** This request seeks documents relevant to a critical issue for class certification, the extent to which Liberty Mutual exercises control over Class Plaintiffs. One of the clearest indicators of control is the ability to influence and set the compensation of the officers and senior executives of Class Plaintiffs, which makes this discovery relevant to AIG's expected opposition to class certification.

Moreover, to avoid imposing a significant burden on Liberty Mutual and the Class Plaintiffs, AIG's document request only sought "documents sufficient to show" the extent to which, if any, Liberty Mutual exercise such influence and/or control over compensation.

  B.  <u>**Interrogatory responses**</u>

**Disagreed:** Whether Ohio Casualty must identify the total amount of fees paid to Choate in connection with the four representations identified in the Class Plaintiffs' interrogatory responses, which are matters in which Class Plaintiffs' counsel previously represented Liberty Mutual.

  **Class Plaintiffs' Position:** The amount of fees paid to Choate in connection with the four matters identified in the interrogatory responses – matters which are not only concluded but completely unrelated to the Proposed Class Action could not possibly provide AIG "a basis to oppose the appointment of Nutter McClennen as counsel to the proposed class," as AIG contends. Choate is no longer

representing Class Plaintiffs in this litigation and Nutter McClennen had no involvement in the litigation matters identified in the interrogatory responses or in any other representation of Liberty Mutual.  Moreover, Class Plaintiffs already have provided AIG with information disclosing the nature of the matters in which their counsel previously represented Liberty Mutual.  AIG's contention that the amount of fees paid to a law firm that no longer has anything to do with this case, on account of concluded matters that had nothing to do with this case, somehow bears upon the suitability of Nutter McClennen as counsel to the class is simply implausible.

**AIG's Position:**  AIG is seeking discovery that will enable it to determine whether it has a basis to oppose the appointment of Nutter McClennen as counsel to the proposed class.  Class Plaintiffs have already disclosed that its lead counsel at Nutter McClennen represented Liberty Mutual (Class Plaintiffs' parent company) in four prior matters.  In order to determine the significance of those representations and the potential conflicts of interest that class counsel may have in pursuing the interests of the proposed class, it is important to be able to contextualize the significance of those representations to Nutter McClennen, which AIG believes should be done through disclosure of the total amount of fees paid to Nutter McClennen in connection with each of those representations.

AIG has no objection to this information being designated as Confidential pursuant to the Protective Order previously entered by the Court.

Respectfully submitted,

| | |
|---|---|
| s/ Gary M. Miller | s/ Michael A. Walsh |
| | |
| Gary M. Elden | Michael A. Walsh (admitted *pro hac vice*) |
| Gary M. Miller | Allison D. Burroughs (admitted *pro hac vice*) |
| Matthew O. Sitzer | NUTTER, McCLENNEN & FISH, LLP |
| GRIPPO & ELDEN LLC | 155 Seaport Boulevard |
| 111 South Wacker Drive | Boston, Massachusetts  02110 |
| Chicago, Illinois  60606 | Telephone:  (617) 439-2000 |
| (312) 704-7701 | |
| | Attorneys for Safeco Insurance Company of America and Ohio Casualty Insurance Company |
| Attorneys for Safeco Insurance Company of America and Ohio Casualty Insurance Company | |

| | |
|---|---|
| s/ P. Andrew Fleming | s/ Kevin S. Reed |

Stephen Novack
P. Andrew Fleming
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900

Attorneys for American International Group, Inc.

Michael B. Carlinsky
Kevin S. Reed
Jennifer J. Barrett
Brendan N. Snodgrass
QUINN EMANUEL URQUHART
 OLIVER & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

Attorneys for American International Group, Inc.

   s/ Mark A. Schwartz

James I. Rubin
James A. Morsch
Amy B. Kelley
Jason S. Dubner
Mark A. Schwartz
BUTLER RUBIN
 SALTARELLI & BOYD LLP
70 West Madison Street, Suite 1800
Chicago, Illinois 60602
(312) 444-9660

One of the Attorneys for Liberty
Mutual Group, Inc.