## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |  |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | Case No. 07 CV 2898 |
| Plaintiffs, | ) ) | Judge Robert W. Gettleman |
| v. | ) ) ) | Magistrate Judge Sidney I. Schenkier |
| ACE INA HOLDINGS, INC., et al., | ) ) |  |
| Defendants. | ) ) |  |
| LIBERTY MUTUAL INSURANCE COMPANY, et al., | ) ) ) |  |
| Counter-Claimants, | ) ) |  |
| v. | ) ) |  |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) |  |
| Counter-Defendants. | ) ) |  |

## REPLY MEMORANDUM IN FURTHER SUPPORT OF THE "NON-UNDERREPORTING POOL BOARD MEMBERS'" MOTION TO DISMISS AIG'S CORRECTED FIRST AMENDED COMPLAINT

AIG contends that the principal obstacle to this Court's consideration of the Non-Underreporting Pool Board Members' motion to dismiss is the "law-of-the-case" doctrine. That doctrine has no application here because there are material differences in the factual allegations pled in AIG's original Third-Party Complaint and its current pleading, the Corrected First Amended Complaint (the "First Amended Complaint" or "FAC"). Further, the Supreme Court's May 18, 2009, decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, has significantly clarified the law governing the proper pleading standard under Federal Rule of Civil Procedure 8, which provides an additional reason for this Court to rule on the merits of the pending motion to dismiss.

Turning to the substantive defects in AIG's complaint, the teachings of *Iqbal* make clear that AIG's breach-of-fiduciary-duty claim fails because AIG has not pleaded facts sufficient to state a plausible claim against the Non-Underreporting Pool Board Members ("Movants"). A review of AIG's 61-page First Amended Complaint reveals not a single reference to an allegation of misconduct on the part of any one of the fourteen Movants – Advantage, Alaska National, AmTrust, Berkley, Chubb, Cincinnati, Companion, GUARD, General Casualty, Harleysville, MEMIC, Safeco, Truck and Utica. Moreover, the inconsistencies in AIG's own pleadings – noting on the one hand that the composition of the Pool Board changes every year, while on the other hand suggesting that the members of the Pool Board comprise one unchanging, continuous, cohesive group – highlight the implausibility of the alleged scheme and Movants' purported participation in it. AIG cannot overcome these pleading defects and, accordingly, AIG's claim against the Non-Underreporting Pool Board Members should be dismissed for its failure to meet the requirements of Rule 8, as explicated by *Iqbal*.

I.      **The Law-Of-The-Case Doctrine Does Not Bar The Non-Underreporting Pool Board Members' Motion to Dismiss.**

      A.      **The changes in AIG's allegations render the law-of-the-case doctrine inapplicable.**

A change in the allegations of the complaint makes the law-of-the-case doctrine inapplicable. *Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009) (affirming district court's finding that "the law of the case doctrine was inapplicable because the determination of [defendant's] earlier motion to dismiss did not involve the claims as [plaintiff] presented them in its amended cross-complaint.") When the allegations of the operative pleading change, the case itself changes, and the law of the case is therefore not applicable. *Id.*

The law-of-the-case doctrine does not apply here because AIG's recent First Amended Complaint is materially different from its original Third-Party Complaint. The most significant difference in the two pleadings is the manner in which AIG pleads the alleged conspiracy. In its Third-Party Complaint, filed in March, 2008, AIG alleged:

> **the Pool Board Members – the insurance companies that sit at the Pool's helm and direct its activities – conspired** to use their control over the Pool to opportunistically seize on the New York Authorities' investigation and AIG's settlement of that investigation as a chance to weaken one of their primary competitors.   In doing so, **these Pool Board Members** have abused their positions, breached their fiduciary duties to AIG as a member of the Pool, and conspired in violation of federal and state law.

(TPC, ¶86) (emphasis supplied).   In contrast, the new First Amended Complaint alleges a different conspiracy that does not include the Movants:

> **The Underreporting Pool Board Members conspired to use their control over the Pool Board** opportunistically to seize on the New York Authorities' investigation and AIG's settlement of that investigation as a chance to weaken AIG – one of their primary competitors.   The true motivation of the Pool Board Members was epitomized by the Liberty Pool Board representative who commented to a group of other Pool Board Members attending a Board Meeting that the allegations of AIG's underreporting had given Liberty and the other Board Members "an opportunity to get those bastards at AIG."[1]

(FAC, ¶ 94.) Not only has AIG narrowed the focus of its conspiracy-related allegations from the "Pool Board Members" to the "Underreporting Pool Board Members," it has excluded the Non-Underreporting Pool Board Members as defendants from the conspiracy-based counts of the First Amended Complaint, Counts I and II (Civil RICO) and Count III (Civil Conspiracy).   The motion to dismiss accordingly does not seek reconsideration of the Court's prior order, it seeks dismissal of AIG's revised claim against the Movants. Given the material changes to the breach-

---

[1]  AIG references the alleged comments of the Liberty Pool Board Member to support the adequacy of its First Amended Complaint. (Resp., 2-3.) This allegation did not appear in the Third-Party Complaint. Nor did the allegations of paragraphs 102, 106, 107 or 116 of the First Amended Complaint, to which AIG now points to support its breach-of-fiduciary-duty claim. (Resp., 13-14.) These differences in AIG's pleadings further underscore the inapplicability of the law-of-the-case doctrine to the pending motion to dismiss.

of-fiduciary-duty claim against the Non-Underreporting Pool Board Members, the law-of-the-case doctrine is inapplicable.

**B.     The law-of-the-case doctrine does not apply given *Iqbal*'s clarification of the pleading standard of Rule 8.**

Even where the law-of-the-case doctrine is applicable, its application is discretionary, and it does not tie a court's hands or act as an absolute bar to reconsidering issues when reconsideration is warranted.  *U.S. v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008) (noting the discretionary nature of the law-of-the-case doctrine); *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) (finding that the law-of-the-case doctrine is "no more than a presumption, one whose strength varies with the circumstances; it is not a straightjacket.") (citations omitted); *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986) ("The district court has the discretion to make a different determination of any matters that have not been taken to judgment or determined on appeal.  Pre-judgment orders, such as motions to dismiss, are interlocutory and may be reconsidered at any time.").  A change in or clarification of the law provides compelling reason for a court to reconsider an earlier ruling. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006).

*Iqbal* provides a further compelling reason for the Court to dismiss the sole remaining claim against Movants because that decision clarified the scope of the pleading standard introduced in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).  Specifically, *Iqbal* makes clear that the plausibility requirement first announced in *Twombly* applies "across the board, not just to anti-trust cases." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Building on *Twombly*, *Iqbal* also clarified the methodology by which the sufficiency of a complaint is to be evaluated, *Iqbal*, 129 S. Ct. at 1951 (laying out the two-step process to be applied to find the complaint there

insufficient), providing specific "guidance to lower courts in evaluating complaints." *Brooks*, 578 F.3d at 581.

A review of recent decisions leaves no doubt that *Iqbal* provides important clarification of pleading requirements under Rule 8. *E.g.*, *Rodriquez v. Cook County Sheriff's Office*, No. 09 C 2757, 2009 WL 4673803, *3 (N.D. Ill. Dec. 3, 2009) (recognizing that *Iqbal* announced a new standard for testing the adequacy of a complaint); *Bala v. Stenehjem*, No. 1:09-cv-015, 2009 WL 4250083, *4 (D.N.D. Nov. 30, 2009) (noting that *Iqbal* provided clarification regarding the Rule 8(a) pleading standard); *DeFebo v. Andersen Windows, Inc.*, No. 09-2993, 2009 WL 4268553, *4 (E.D. Pa. Nov. 23, 2009) (same); *McClelland v. City of Modesto*, No. CV F 09-1031, 2009 WL 2941480, *5 (E.D. Cal. Sep. 10, 2009) (same); *Fed. Trade Comm'n v. Innovative Marketing, Inc.*, No. RDB-08-3233, 2009 WL 2959680, *2-*3 (D. Md. Sep. 16, 2009) (same, and noting that the defendant's "second motion to dismiss is especially warranted due to the fact that it squarely addresses the Supreme Court's recent decision in *Ashcroft v. Iqbal*"). *Iqbal* has been widely viewed as a very significant development in Rule 8 case law, and its holding provides more than a sufficient basis for this Court to examine the adequacy of AIG's First Amended Complaint. *See e.g. Innovative Marketing*, 2009 WL 2959680, *8 n.2 ("*Iqbal's* importance cannot be minimized. In *Iqbal*, the United States Supreme Court further articulated and defined its prior holding in *Twombly*, and the two cases represent a new framework for reviewing the sufficiency of complaints under Rule 8.").[2]

---

[2] AIG relies on three district court decisions, *Facility Wizard Software, Inc. v. S.E. Technical Servs., LLC*, No. 08 C 4228, 2009 WL 2059934 (N.D. Ill. July 9, 2009), *Retirement Plan of the Unite Here Nat'l Ret. Fund v. Kim*, No. 08 C 2435, 2009 WL 413077 (N.D. Ill. Feb. 17, 2009) and *Vasarhelyi v. Vasarhelyi*, No. 09 C 2440, 2009 WL 2973069 (N.D. Ill. Sept. 10, 2009), none of which applies *Iqbal* – indeed, *Retirement Plan* was decided before *Iqbal* – or addresses the required plausibility of a claim.

II.     **AIG Has Not Pled Facts Sufficient To State A Plausible Claim Against The Non-Underreporting Pool Board Members For Breach Of Fiduciary Duty.**

In response to the Non-Underreporting Pool Board Members' Motion to Dismiss, AIG argues that it has pled sufficient facts to state a claim for breach of fiduciary duty against the "Pool Board Members."[3]   What AIG does not argue is that it has pled sufficient facts to state a claim for breach of fiduciary duty against any one of the fourteen Non-Underreporting Pool Board Members.  This distinction is significant.  In the context of breach-of-fiduciary-duty claims, the courts consistently have recognized that allegations of misconduct that fail to differentiate among discrete defendants are too general to place any of those defendants on notice of the claim being made against them and, accordingly, do not meet the notice-pleading requirements of Rule 8(a).  *Pietrangelo v. NUI Corp.*, No. Civ. 04-3223(GEB), 2005 WL 1703200, *10 (D. N. J. July 20, 2005) ("[T]he Complaint fails to satisfy even the liberal notice pleading standard of Rule 8(a) because Plaintiff fails to differentiate between the defendants.") citing *In re Providian Fin. Corp. ERISA Litig.*, No. C 01-05027 CRB, 2002 WL 31785044, *1 (N.D. Cal. Nov. 14, 2002) ("[P]laintiffs have lumped the various classes of defendants into an undifferentiated mass and alleged that all of them violated all of the fiduciary duties.  The resulting cause of action is so general that it fails to put the various defendants on notice of the allegations against them."); *In re McKesson HBOC, Inc. ERISA Litigation*, No. C00-20030RMW, 2002 WL 31431588, *15-*16 (N.D. Cal. Sep. 30, 2002).

---

[3]  In its response brief, AIG uses the terms "Pool Board Members" and "Pool Board Member Defendants" to refer to the Non-Underreporting Pool Board Member Defendants. (Response, p. 1.)  This usage is not consistent with AIG's Corrected First Amended Complaint, in which "Pool Board Members" are defined as "nineteen insurance companies...that have served on – and in the case of Liberty Mutual, Travelers, The Hartford, and ACE ('the Underreporting Pool Board Members') dominated – the Board of Governors of the Pool (the 'Pool Board')...." (FAC, ¶1.)  Given the nature of the scheme pled by AIG, the use of inconsistent and imprecise defined terms is, at best, confusing and, at worst, intentionally obfuscating.

The claimed breach of fiduciary duty rests solely on alleged misconduct in which the "Pool Board Members" have participated generally, and such generalized allegations cannot support a claim.   AIG has no response to the Non-Underreporting Pool Board Members' observation that the First Amended Complaint contains not a single reference to any identifiable misconduct by any one of them.[4]   AIG's general and non-specific allegations of collective behavior are "so sketchy...that they fail to provide sufficient notice" to the Non-Underreporting Pool Board Members of the claim AIG asserts against each of them. *Brooks*, 578 F.3d at 581. Because the First Amended Complaint lacks "factual content" allowing this Court to "draw the reasonable inference" that any one of the Non-Underreporting Pool Board Members is liable for the breach of fiduciary duty that AIG alleges, that claim should be dismissed against all of them. *Iqbal*, 129 S.Ct. at 1950, citing *Twombly*, 550 U.S. at 556.

Moreover, AIG's improper and repeated collective reference to the "Pool Board Members" obscures the fundamental implausibility of its claim for breach of fiduciary duty. That claim rests on AIG's allegation that in the Spring of 2005, the "Pool Board Members" hatched a scheme to "get" AIG by, among other things, refusing to investigate underreporting of workers compensation premium by other Participating Companies.  By grouping together the members of the Pool Board, AIG implies a degree of continuity of composition and action of the Pool Board membership that is unwarranted and is, in fact, contradicted by AIG's own allegations regarding the Pool Board's composition.

According to the First Amended Complaint, the Pool Board is composed of 12 non-affiliated Participating Companies. (FAC, ¶78.) Because Pool Board members are elected for

---

[4]   AIG specifically cites the following paragraphs of the First Amended Complaint to support its contention that it has pled specific and detailed facts regarding the misconduct of the "Pool Board Members" (¶¶3, 6, 66, 68-69, 94, 99-100, 102, 106-107, 115-116, 119-120, 134, and 137).  Review of these paragraphs fails to reveal a single specific reference to alleged misconduct by any one of the Non-Underreporting Pool Board Members.

staggered terms of three years, with terms beginning and expiring each June (FAC, ¶79), each June four companies go off the Board and four new companies join. Pool Board members are required to wait a year between terms unless there is insufficient interest in Pool Board membership among potential new members. (*Id.*) By alleging misconduct by the "Pool Board Members," AIG fails to take into account these annual changes in the composition of the Pool Board. Treating the "Pool Board Members" as a monolithic group, AIG effectively sidesteps facts it otherwise would have to allege, such as, for example, (i) the membership of the Pool Board during each year in which the alleged conspiracy took place and in which significant acts and discussions are alleged to have occurred, (ii) which members of the Pool Board had knowledge (or should have had knowledge) of the "red flags" that AIG claims "confirmed…widespread underreporting of workers compensation," and (iii) which members of the Pool Board "failed to conduct [an] investigation in the face of explicit claims that such underreporting was in fact occurring." (Resp., 14-15.)

The implausibility of the alleged scheme comes into full view when the lack of continuity of Pool Board membership is acknowledged. In short, in order to find even remotely plausible the plot to "get" AIG, this Court must conclude, in the exercise of its common sense and based on its experience, that it is reasonable to believe that in the Spring of 2005, the 12 non-affiliated Participating Companies then serving on the Pool Board agreed to be part of a scheme to damage AIG in the marketplace and to conceal underreporting of workers compensation premium by a minority of the members of the Pool Board (which was unnecessary to accomplish the objective to damage AIG in the marketplace). The Court must further find plausible that all of the new members joining the Pool Board in June of each of the following years – 2006 through 2009 – also agreed to join the scheme, and that the members rolling off of the Pool Board agreed to

conceal and maintain in confidence both the existence of the plot and the underreporting by a handful of Participating Companies other than AIG (none of which was a Non-Underreporting Pool Board Member).

The Non-Underreporting Pool Board Members respectfully request that this Court draw on its "judicial experience and common sense" when determining whether AIG's breach-of-fiduciary-duty claim states a "plausible claim for relief" against any one of the Non-Underreporting Pool Board Members, as required by *Iqbal*. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) citing *Iqbal*, 129 S.Ct. at 1950. Doing so should lead to the conclusion that AIG's claim for breach of fiduciary duty should be dismissed.

## CONCLUSION

For the reasons urged herein and in the Non-Underreporting Pool Board Members' opening memorandum of law, it is respectfully submitted that Count IV of AIG's First Amended Complaint fails to state a claim for relief, plausible or otherwise, and, accordingly, that this Court should grant the Non-Underreporting Pool Board Members' motion to dismiss pursuant to Rule 12(b)(6) and dismiss Count IV with prejudice.

Respectfully submitted,

_/s/ Michael D. Sher_____

One of the attorneys for Advantage Workers Compensation Insurance Company, Alaska National Insurance Company, AmTrust Financial Services, Inc., Companion Property & Casualty Insurance Company, General Casualty Company of Wisconsin, GUARD Insurance Group, Inc., Harleysville Mutual Insurance Company, MEMIC Indemnity Company, Safeco Insurance Company of America, Utica Mutual Insurance Company

Michael D. Sher
Emily Mulder Milman
Athanasios Papadopoulos
Meredith D. Schacht
NEAL, GERBER & EISENBERG LLP
Two N. LaSalle St., Suite 2200
Chicago, IL 60602
312-269-8000


_____/s/  Richard P. Darke_____
One of the attorneys for Berkley Risk Administrators Co.
LLC

Richard P. Darke
DUANE MORRIS LLP
19 S. LaSalle St., Suite 3700
Chicago, IL 60603
312-499-6743

Kimball A. Lane
Christine M. Van Gelder
Thomas R. Newman
DUANE MORRIS LLP
1540 Broadway, Suite 1400
New York, NY  10036-4086
212-692-1000


_____/s/  Daniel R. Formeller_____
One of the attorneys for Chubb & Son, a Division of
Federal Insurance Company

Daniel R. Formeller
Todd S. Schenk
Katherine Louise Haennicke
TRESSLER, SODERSTROM, MALONEY & PRIESS
233 S. Wacker Dr., 22nd Floor
Chicago, IL 60606
312-627-4000

Christopher Thompson
David T. Moran
JACKSON WALKER LLP
901 Main St., Suite 6000
Dallas, TX 75202
214-953-6000

_/s/  Daniel G. Litchfield_
One of the attorneys for Cincinnati Insurance Company

Daniel G. Litchfield
Omar Odland
LITCHFIELD CAVO
303 W. Madison St., Suite 300
Chicago, IL  60606
312-781-6677

_/s/  Stacy Allen_
One of the attorneys for Truck Insurance Exchange

Stacy Allen
Jeffrey R. Johnson
JACKSON WALKER L.L.P.
100 Congress Ave., Suite 1100
Austin, TX  78701
512-236-2000

Dan L. Boho
David Alfini
James Constantine Vlahakis
HINSHAW CULBERTSON, LLP
222 N. LaSalle St., Suite 300
Chicago, IL  60601
312-704-3000

## CERTIFICATE OF SERVICE

I, Emily Mulder Milman, an attorney, hereby certify that on the 30th day of December, 2009, I caused a

true and correct copy of the attached **Reply Memorandum in Further Support of the "Non-Underreporting**

**Pool Board Members'" Motion to Dismiss AIG's Corrected First Amended Complaint** to be served upon

the attached Service List through the U.S. District Court CM/ECF e-filing system.


_____/s/  Emily Mulder Milman_____

## SERVICE LIST
### *AIG, et al. v. ACE INA, et al.*, No. 07 CV 2898
### *Liberty Mutual Insurance Company, et al. v. AIG, et al.;*
### *Safeco Insurance/Ohio Casualty v. AIG, et al.*, No. 09 CV 2026

| *Attorneys for Plaintiffs AIG, et al.:* | *Attorneys for Defendant ACE INA Holdings, Inc.:* |
|---|---|
| Stephen Novack<br>P. Andrew Fleming<br>John F. Shonkwiler<br>Andrew D. Campbell<br>NOVACK AND MACEY LLP<br>100 North Riverside Plaza<br>Chicago, IL 60606<br>Phone: 312-419-6900<br>Fax: 312-419-6928<br>snovack@novackandmacey.com<br>andrewf@novackandmacey.com<br>jshonkwiler@novackandmacey.com<br>acampbell@novackandmacey.com<br><br>Michael B. Carlinsky<br>Jennifer J. Barrett<br>Brendan N. Snodgrass<br>Kevin Reed<br>QUINN EMANUEL URQUHART OLIVER & HEDGES LLP<br>51 Madison Ave., 22nd Floor<br>New York, NY 10010<br>Phone: 212-849-7000<br>Fax: 212-849-7100<br>michaelcarlinsky@quinnemanuel.com<br>jenniferbarrett@quinnemanuel.com<br>brendansnodgrass@quinnemanuel.com<br>kevinreed@quinnemanuel.com | Edward P. Gibbons<br>Christopher A. Wadley<br>WALKER WILCOX MATOUSEK LLP<br>225 W. Washington St., Suite 2400<br>Chicago, IL 60606<br>Phone: 312-244-6700<br>Fax: 312-244-6800/6801<br>egibbons@wwmlawyers.com<br>cwadley@wwmlawyers.com |
| *Attorney for Defendant Berkley Risk Administrators Co. LLC:* | *Attorneys for Defendant Chubb & Son, a division of Federal Insurance Company:* |
| Richard P. Darke<br>DUANE MORRIS LLP<br>190 S. LaSalle St., Suite 3700<br>Chicago, IL 60606<br>Phone: 312-499-6700<br>Fax: 312-499-6701<br>rpdarke@duanemorris.com<br><br>Kimball Ann Lane<br>DUANE MORRIS LLP<br>1540 Broadway, Suite 1400<br>New York, NY 10036<br>Phone: 312-692-1000<br>Fax: 312-692-1020<br>kalane@duanemorris.com | Daniel R. Formeller<br>Todd S. Schenk<br>Katherine L. Haennicke<br>TRESSLER SODERSTROM MALONEY & PRIESS LLP<br>Sears Tower – 22nd Floor<br>233 S. Wacker Dr.<br>Chicago, IL 60606<br>Phone: 312-627-4000<br>Fax: 312-627-1717<br>dformeller@tsmp.com<br>tschenk@tsmp.com, khaennicke@tsmp.com<br><br>Christopher A. Thompson<br>David T. Moran<br>JACKSON WALKER LLP<br>901 Main Street, Suite 6000<br>Dallas, TX 75202<br>Phone: 214-953-6000<br>Fax: 214-953-5822<br>cthompson@jw.com<br>dmoran@jw.com |

| *Attorney for Defendant Cincinnati Insurance Company:* | *Attorneys for Defendant The Hartford Financial Services Group, Inc.:* |
|---|---|
| Daniel G. Litchfield<br>Omar Odland<br>LITCHFIELD CAVO LLP<br>303 W. Madison St., Suite 300<br>Chicago, IL 60606<br>Phone: 312-781-6677<br>Fax: 312-781-6630<br>litchfield@litchfieldcavo.com<br>odland@litchfieldcavo.com | Michael Cullen Borders<br>Stephen C. Borgsdorf<br>Rosa Maria Tumialan-Landy<br>Renee Zipprich<br>DYKEMA GOSSETT ROOKS PITTS PLLC<br>10 S. Wacker Dr., Suite 2300<br>Chicago, IL 60606<br>Phone: 312-876-1700<br>Fax: 312-876-1155<br>mborders@dykema.com<br>sborgsdorf@dykema.com<br>rtumialan@dykema.com<br>rzipprich@dykema.com |
| *Attorney for Defendant NWCRP:* | *Attorneys for Defendant Sentry Insurance a Mutual Company:* |
| William M. Hannay<br>Charles H.R. Peters<br>Marci A. Eisenstein<br>Thomas J. Henehan<br>Lisa M. Natter<br>SCHIFF HARDIN LLP<br>233 S. Wacker Dr., Suite 6600<br>Chicago, IL 60606<br>Phone: 312-258-5500<br>Fax: 312-258-5600<br>whannay@schiffhardin.com<br>cpeters@schiffhardin.com<br>meisenstein@schiffhardin.com<br>thenehen@schiffhardin.com<br>lnatter@schiffhardin.com | Hal R. Morris<br>Nicole A. Gross<br>Christopher S. Naveja<br>ARNSTEIN & LEHR LLP<br>120 S. Riverside Plaza, Suite 1200<br>Chicago, IL 60606<br>Phone: 312-876-7100<br>Fax: 312-876-0288<br>hrmorris@arnstein.com<br>nagross@arnstein, com<br>csnaveja@arnstein.com |
| *Attorneys for Defendant Travelers Insurance Group:* | *Attorneys for Defendant Truck Insurance Exchange:* |
| Norman K. Beck<br>Timothy J. Rooney<br>Courtney M. Oliva<br>Samantha L. Maxfield<br>WINSTON & STRAWN LLP<br>35 W. Wacker Dr., Suite 4200<br>Chicago, IL 60601<br>Phone: 312-558-5600}<br>Fax: 312-558-5700<br>nbeck@winston.com<br>trooney@winston.com<br>coliva@winston.com<br>smaxfield@winston.com | David Alfini<br>Dan L. Boho<br>HINSHAW & CULBERTSON LLP<br>222 N. LaSalle St., Suite 300<br>Chicago, IL 60601<br>Phone: 312-704-3000<br>Fax: 312-704-3001<br>dalfini@hinshawlaw.com<br>dboho@hinshawlaw.com<br><br>Stacy Allen<br>Marilyn Montano<br>JACKSON WALKER LLP<br>100 Congress Ave., Suite 1100<br>Austin, TX 78701<br>Phone: 512-236-2000<br>Fax: 512-236-2002<br>stacyallen@jw.com<br>mmontano@jw.com |

| *Attorney for Defendant National Council on Compensation Insurance, Inc.:* | *Attorneys for Defendants and Counter-Plaintiffs Liberty Mutual Group, Inc.:* |
|---|---|
| Harry N. Arger<br>DYKEMA GOSSETT ROOKS PITTS PLLC<br>10 S. Wacker Dr., Suite 2300<br>Chicago, IL  60606<br>Phone:  312-876-1700<br>Fax:  312-876-1155<br>harger@dykema.com | Amy B. Kelley<br>James A. Morsch<br>James I. Rubin<br>Jason S. Dubner<br>Mark A. Schwartz<br>BUTLER RUBIN SALTARELLI & BOYD LLP<br>70 W. Madison St., Suite 1800<br>Chicago, IL  60602<br>Phone:  312-444-9660<br>Fax:  312-444-9287<br>akelley@butlerrubin.com<br>jmorsch@butlerrubin.com<br>jrubin@butlerrubin.com<br>jdubner@butlerrubin.com<br>mschwartz@butlerrubin.com |
| *Attorneys for Plaintiffs Safeco Insurance Company of America and The Ohio Casualty Insurance Company:* | |
| Gary M. Elden<br>Gary M. Miller<br>Matthew O. Sitzer<br>GRIPPO & ELDEN<br>111 South Wacker Drive, 51st Floor<br>Chicago, IL 60606<br>Phone:  312-704-7700<br>Fax:  312-558-1195<br>gelden@grippoelden.com<br>gmiller@grippoelden.com<br>msitzer@grippoelden.com<br><br>Heather B. Repicky<br>Michael A. Walsh<br>NUTTER McLENNEN & FISH LLP<br>World Trade Center West<br>155 Seaport Boulevard<br>Boston , MA 02210<br>Phone:  617-439-2000<br>Fax:  617-310-9000<br>hrepicky@nutter.com<br>mwalsh@nutter.com | |

(12/30/09)

NGEDOCS: 021294.0601:1677829.6