**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., ) <br> AIG CASUALTY COMPANY F/K/A, ) <br> BIRMINGHAM FIRE INSURANCE COMPANY OF ) <br> PENNSYLVANIA, AIU INSURANCE COMPANY, ) <br> AMERICAN HOME ASSURANCE COMPANY, ) <br> AMERICAN INTERNATIONAL PACIFIC ) <br> INSURANCE COMPANY F/K/A ) <br> AMERICAN FIDELITY COMPANY, AMERICAN ) <br> INTERNATIONAL SOUTH INSURANCE ) <br> COMPANY F/K/A AMERICAN GLOBAL ) <br> INSURANCE COMPANY, AMERICAN ) <br> INTERNATIONAL SPECIALTY LINES ) <br> INSURANCE COMPANY F/K/A ALASKA ) <br> INSURANCE COMPANY, COMMERCE AND ) <br> INDUSTRY INSURANCE COMPANY, INC., ) <br> GRANITE STATE INSURANCE COMPANY, ) <br> ILLINOIS NATIONAL INSURANCE COMPANY, ) <br> INSURANCE COMPANY OF THE STATE OF ) <br> PENNSYLVANIA, NATIONAL UNION FIRE ) <br> INSURANCE COMPANY OF PITTSBURGH, ) <br> NEW HAMPSHIRE INDEMNITY COMPANY, ) <br> And NEW HAMPSHIRE INSURANCE COMPANY, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> ACE INA HOLDINGS, INC., ADVANTAGE ) <br> WORKERS COMPENSATION INSURANCE ) <br> COMPANY, ALASKA NATIONAL INSURANCE ) <br> COMPANY, AMTRUST GROUP, BERKLEY RISK ) <br> ADMINISTRATORS CO., LLC, CHUBB GROUP OF ) <br> INSURANCE COMPANIES, CINCINNATI ) <br> INSURANCE COMPANY, CIGNA GROUP, INC., ) <br> COMPANION PROPERTY & CASUALTY ) <br> INSURANCE COMPANY, THE COVENANT ) <br> GROUP, CRUM & FORSTER, GUARD ) <br> INSURANCE COMPANY, GENERAL CASUALTY ) <br> INSURANCE COMPANIES, HARLEYSVILLE ) <br> INSURANCE GROUP, THE HARTFORD ) <br> FINANCIAL SERVICES GROUP, INC., LIBERTY ) <br> MUTUAL GROUP, INC., MEMIC INDEMNITY ) <br> COMPANY, SAFECO CORPORATION, ) | Case No. 07 CV 2898 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Sidney J. Schenkier |

| | |
|---|---|
| TRAVELERS INSURANCE GROUP, SENTRY INSURANCE GROUP, TRUCK INSURANCE EXCHANGE, and UTICA NATIONAL INSURANCE CO., | ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) ) |
| LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY INSURANCE CORP. THE FIRST LIBERTY INSURANCE CORP., EMPLOYERS INSURANCE COMPANY OF WAUSAU, WAUSAU BUSINESS INSURANCE COMPANY, WAUSAU GENERAL INSURANCE COMPANY, and WAUSAU UNDERWRITERS INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) |
| Counter-Claimants, v. | ) ) ) |
| AMERICAN INTERNATIONAL GROUP, INC., AIG CASUALTY COMPANY F/K/A, BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA, AIU INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, AMERICAN INTERNATIONAL PACIFIC INSURANCE COMPANY F/K/A AMERICAN FIDELITY COMPANY, AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY F/K/A AMERICAN GLOBAL INSURANCE COMPANY, AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY F/K/A ALASKA INSURANCE COMPANY, COMMERCE AND INDUSTRY INSURANCE COMPANY, INC., GRANITE STATE INSURANCE COMPANY, ILLINOIS NATIONAL INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, NEW HAMPSHIRE INDEMNITY COMPANY, And NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Counter-Defendants. | ) |

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY, individually, and on behalf of a class Consisting of members of the National Workers Compensation Reinsurance Pool,<br><br>        Plaintiffs,<br><br>  v.<br><br>AMERICAN INTERNATIONAL GROUP, INC., AIG CASUALTY COMPANY F/K/A, BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA, AIU INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, AMERICAN INTERNATIONAL PACIFIC INSURANCE COMPANY F/K/A AMERICAN FIDELITY COMPANY, AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY F/K/A AMERICAN GLOBAL INSURANCE COMPANY, AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY F/K/A ALASKA INSURANCE COMPANY, COMMERCE AND INDUSTRY INSURANCE COMPANY, INC., GRANITE STATE INSURANCE COMPANY, ILLINOIS NATIONAL INSURANCE COMPANY, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, NEW HAMPSHIRE INDEMNITY COMPANY, And NEW HAMPSHIRE INSURANCE COMPANY,<br><br>        Defendants. | Case No. 09 CV 2026<br><br>Judge Robert W. Gettleman<br><br>Magistrate Judge Sidney I. Schenkier |

**NCCI'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNTS NINE AND TEN OF AIG'S CORRECTED FIRST AMENDED COMPLAINT**

As stated by this Court in its February 23, 2009 Order, AIG does not challenge NCCI's math. (Dkt. No. 422, p. 20). Rather, AIG asserts accounting and open account claims based on

allegations that the respective "Underreporting Companies"[1] did not provide accurate workers compensation information to NCCI.  It is critical (and missing here) to equitable accounting and open account claims that the defendant possess the information needed to calculate the accounting or open account.  AIG does not now nor could it allege that NCCI possesses the alleged underreporting information of the "Underreporting Companies."  Instead, AIG responds to NCCI's motion with red herring arguments designed to keep NCCI around until if and when it establishes underreporting by the Underreporting Companies so that NCCI can at that point then recalculate each company's allocation.  It offends traditional notions of fair play and substantial justice for NCCI to remain a defendant[2] and to continue to expend tremendous time and costs for this litigation under such circumstances, especially since NCCI does not possess the needed recalculation information and AIG has completely failed to provide any response as to why the mechanism established (and utilized without fail for years) by the Articles of Agreement ("Articles") between AIG and the other companies of the National Workers Compensation Reinsurance Pool ("NWCRP") would be insufficient if a future recalculation is needed.

### **Law of the Case Doctrine Does Not Apply Nor Prohibit Granting NCCI's Motion**

AIG first makes a procedural argument that this Court's February 23, 2009 Order binds NCCI to forever being a defendant in this case.  Neither the law of the case doctrine nor principles of substantial justice dictate such a result.

The law of the case doctrine does not preclude a court's revisiting a prior decision where there is a change or clarification of the law.  *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d

---

[1] In its First Amended and Corrected First Amended Complaint, AIG identifies "Underreporting Pool Board Members" and "Underreporting Participating Companies," which are collectively referred to herein as "Underreporting Companies."

[2] As set forth in NCCI's motion, AIG does not list NCCI in the full caption of its First Amended or Corrected First Amended Complaint nor does AIG identify NCCI as a "Defendant" when listing the various plaintiffs and defendants in the parties section of its Complaint.

570, 572 (7th Cir. 2006). More importantly, the law of the case doctrine is a discretionary doctrine that does not limit the District Court's power to reopen what has already been decided. *U.S. v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008)(*citing Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995)("the doctrine of the law of the case is 'no more than a presumption, one whose strength varies with the circumstances; it is not a straitjacket'").

The discovery obligations in this case changed when this Court issued its August 20, 2009 Order. Prior to that Order, Magistrate Judge Schenkier entered a discovery order on December 11, 2007, wherein it was stated that NCCI and the Pool were discovery parties to the then attorney-in-fact case and, as such, were obligated to obtain information responsive to production requests and to exercise control over documents in the files of the Pool's Participating Companies. (Dkt. No. 84, p. 6). In the August 20, 2009 Order, this Court dismissed the attorney-in-fact case and clarified that Judge Schenkier's December 11, 2007 Discovery Order was not "binding on the parties or the court." (Dkt. No. 475, fn. 1). This clarification made it clear that NCCI was not legally responsible for information in the files of the Pool's Participating Companies, including those alleged by AIG to be Underreporting Companies.

There is no longer any concern that Judge Schenkier's December 11, 2007 Discovery Order somehow establishes the possession element needed for an accounting claim against NCCI. Not only does the August 20, 2009 clarification support NCCI's present ability to move for dismissal, but the circumstances of this case do not justify application of the law of the case doctrine in any event since NCCI does not nor has it ever been alleged that NCCI possesses the alleged underreporting information needed for any future recalculation. AIG's procedural attempt to preclude granting NCCI's motion is nothing but a red herring.

### Critical Element that NCCI Possess Information Needed for Accounting is Missing

AIG substantively responds to NCCI's motion by saying this is a "complex financial dispute." (See Response, Dkt. No. 537, p. 27). AIG tries to gloss over the accounting element of possession by relying on an assertion in its Complaint that alleges NCCI possesses "what the Underreporting Pool Board members have reported as their workers compensation premium." (See Response, Dkt. No. 537, pp. 20-21). AIG misses the point. NCCI does not dispute this allegation and agrees that it has received what the Underreporting Companies have reported. But NCCI's motion is based on the fact that it does not possess the underreporting information alleged by AIG that would be needed for a future accounting or open account recalculation. There is no dispute with NCCI's "math" based on information presently provided to and possessed by it.

AIG essentially concedes that NCCI does not possess the necessary information when it desperately argues that "equitable accountings are expected to begin after the close of proceedings, at which point the relevant data will be available." (See Response, Dkt. No. 537, p. 20). Not surprisingly, the only case cited by AIG for such a self-serving statement, *Arp Films, Inc. v. Marvel Entm't Group, Inc.*, 905 F.2d 687 (2nd Cir. 1990), does not support AIG's position nor preclude granting NCCI's motion. The decision in *Arp Films* was based on the fact that no appellate jurisdiction existed since there had not been a final decision of the district court. There was absolutely no discussion about satisfying the elements necessary for an accounting nor whether the defendant involved therein possessed the needed information. It was strictly a decision about appellate procedure.

As set forth in NCCI's motion, essential to any accounting or open account claim is that the party being sued actually possess the information needed to calculate the accounting or open

6

account. *See generally*, *First Comm. Traders v. Heinhold Commodities*, 766 F.2d 1007 (7th Cir. 1985); *Zell v. Jacoby-Bender, Inc.*, 542 F.2d 34 (7th Cir. 1976); *Drake Enterprises, Inc. v. Colloid Environmental Technologies Company*, 2009 WL 1789355 (N.D.Ill. June 24, 2009); *Blythe Holdings, Inc. v. Flawless Financial Corporation*, 2009 WL 103196 (N.D.Ill. Jan. 15, 2009); *3Com Corporation v. Electronic Recovery Specialists, Inc.*, 104 F.Supp.2d 932 (N.D.Ill. 2000). AIG fails to distinguish or discuss that this essential element is lacking against NCCI for the simple reason that it can't. NCCI's motion should be granted.

Moreover, AIG's claims for accounting and open account against NCCI are not ripe unless and until the alleged underreporting information is produced to NCCI. Citing *Vigortone AG Prods., Inc. v. PM AG Prods. Inc.*, 217 F.Supp.2d 858 (N.D.Ill. 2001), AIG argues that uncertainty about damages establishes ripeness. Yet, *Vigotone* is distinguishable on its facts. In that case, some losses had already been incurred and established and the information needed to determine the extent was known. Here, there is no allegation that the necessary underreporting information has been provided to NCCI and the constitutional ripeness requirement has not been met.

### AIG Has Adequate Remedy

AIG responds to the position in NCCI's motion that an adequate remedy already exists by trying to lull this Court into thinking that complete relief cannot be achieved without having NCCI as a litigant. AIG then makes straw man arguments that NCCI's motion "overlooks the complex calculations involved in allocating residual market obligations, and the complex nature of the parties' accounts with NCCI." (See Response, Dkt. 547, p. 21). It is as if AIG is saying NCCI has to be a party because it is too complicated otherwise. Again, AIG dodges the key aspect of NCCI's motion. NCCI's motion takes no issue with the nature of the calculations that

would be needed if AIG's allegations are proven. The point is that a contractual procedure for any future recalculations already exists and it is NCCI's position that it is unnecessary for NCCI to be an additional defendant for this limited purpose.

Furthermore, AIG has already sought a legal remedy by alleging a breach of contract claim against the Underreporting Companies in Count Seven of the Complaint. As set forth in NCCI's motion, courts have dismissed accounting claims where breach of contract has also been alleged, which generally provides an adequate legal remedy. *See 3Com*, *supra* at 941; *Drake Enterprises, Inc.*, *supra* at 3; *First Comm. Traders*, *supra* at 1011. Moreover, a court will not uphold an open account claim absent a showing of fraud, omission or mistake. *First Comm. Traders*, *supra* at 1011.

AIG has not alleged any breach by NCCI nor alleged any fraud, omission or mistake by NCCI. The only cases cited by AIG in response to this point involve allegations of fiduciary breach, but AIG's Complaint and its Response only allege a fiduciary duty between the Pool Board Members and the Participating Companies including AIG, not NCCI. (See Response, Dkt. No. 537, p. 18; Corrected First Amended Complaint, Dkt. No. 592, para. 224).

The applicable law and facts are clear that NCCI should not be a defendant in this case and its motion should be granted.

WHEREFORE, National Council on Compensation Insurance, Inc. respectfully requests that Counts Nine and Ten of the Corrected First Amended Complaint of plaintiff, American International Group, Inc., and additional identified AIG plaintiffs, be dismissed with prejudice as to NCCI, and for such other and further relief deemed reasonable by this Court.

Respectfully submitted,

By: /s/Harry N. Arger
Attorney for National Council on Compensation Insurance, Inc.

Harry N. Arger  (ARDC No. 6198806)
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, Illinois 60606
312.627.2127
harger@dykema.com

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, having been first duly sworn upon oath, states that he electronically filed a complete copy of the foregoing with the Clerk of the Court using the ECF System, which sent electronic notification of the filing to all counsel of record on December 30, 2009:

        /s/ Harry N. Arger