## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | Case No. 07 CV 2898 |
| Plaintiffs, | ) ) | Judge Robert W. Gettleman |
| v. | ) ) | Magistrate Judge Sidney I. Schenkier |
| ACE INA HOLDINGS, INC., et al., | ) ) | |
| Defendants. | ) ) | |
| ——————————————— | ) ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, et al., | ) ) ) | |
| Counter-Claimants, | ) ) | |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Counter-Defendants. | ) ) | |
| ——————————————— | ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY, individually, and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, | ) ) ) ) ) ) ) ) | Case No. 09 CV 2026

Judge Robert W. Gettleman

Magistrate Judge Sidney I. Schenkier |
| Plaintiff, | ) ) | |
| v. | ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

### JOINT STATEMENT OF RESULTS OF MARCH 2, 2010 MEET AND CONFER REGARDING AIG'S FIRST SET OF INTERROGATORIES TO THE HARTFORD

Pursuant to the Court's December 11, 2009 revised procedure applicable to discovery motions in the above-captioned cases (the "Discovery Motion Protocol Order"), Defendant The Hartford Financial Services Group ("The Hartford") and Plaintiff American International Group, Inc. ("AIG") file this Joint Statement reporting on their meet-and-confer in an attempt to resolve

their disputes concerning AIG's First Set of Interrogatories to The Hartford ("AIG's Interrogatories").

## I.     AIG'S FIRST SET OF INTERROGATORIES

In accordance with the Court's October 6, 2009 Order scheduling merits discovery, AIG served its First Set of Interrogatories upon The Hartford on November 6, 2009.  The Hartford served Objections and Responses to AIG's First Set of Interrogatories on January 12, 2010.  Attached hereto as Exhibit A is a copy of The Hartford's Responses and Objections to AIG's First Set of Interrogatories setting for each specific Interrogatory and The Hartford's objections and responses to the same.

## II.    REPORT ON MARCH 2, 2010 MEET AND CONFER

Pursuant to the Discovery Motion Protocol Order, AIG and The Hartford exchanged letters regarding their dispute arising from The Hartford's objections to AIG's Interrogatories on February 16, 2010 and February 26, 2010 respectively.  A meeting of counsel to attempt to resolve remaining disputes, as required by Paragraph 3 of the Discovery Motion Protocol Order, was conducted on March 2, 2010.  Counsel who discussed the Interrogatories at the meeting were Kevin Reed (for AIG), Lee Turner-Dodge (also for AIG), Andrew Fleming (also for AIG), Renee Zipprich (for The Hartford) and Stephen Borgsdorf (also for The Hartford).

### A.     Generally Applicable Agreements and Disagreements

AIG's Interrogatories sought information from 1970 to the present.  The Hartford objects to AIG's Interrogatories outside the 1985-1996 timeframe.  While reserving its right to seek other discovery outside of the 1985-1996 timeframe, AIG agrees not to seek information from outside of this timeframe in response to AIG's Interrogatories at this time.

### B.     Agreements and Disagreements Regarding Specific Interrogatories

**Interrogatory Nos. 2, 3 and 6**

> *Interrogatory No. 2: Identify all persons who prepared any Call One Report on behalf of The Hartford and for each person state: (1) the time period(s) during which he or she was responsible for preparing any Call One Report on behalf of The Hartford; (2) his or her position and titled during each such time period; and (3) the identity of his or her employer(s) during each such time period.*

> *Interrogatory No 3: To the extent not identified in response to Interrogatory Nos. 1 or 2, identify any and all other persons who are or have been responsible for reporting or who participated in reporting workers compensation premium to NCCI on behalf of The Hartford and for each such person identified in response to Interrogatory No. 4, state:  (1) the time period(s) during which he or she was responsible for reporting or participated in reporting workers compensation premium to NCCI on behalf of The Hartford;*

*(2) his or her position and title during each such time period; and (3) the identity of his or her employer(s) during each such time period.*

*Interrogatory No. 6: Identify all persons responsible for compliance with any applicable regulations and requirements for reporting workers compensation premium to NCCI on behalf of The Hartford and for each person state: (1) the time period(s) during which he or she was responsible for compliance with regulations and requirements for reporting workers compensation premium to NCCI; (2) his or her position and title during each such time period; and (3) the identify of his or her employer(s) during each such time period.*

AGREEMENTS:

The Hartford has confirmed that it has completed a reasonable investigation, including interviewing individuals likely to have information responsive to Interrogatories Nos. 2, 3, and 6, and agrees to supplement its responses to these Interrogatories with any additional information discovered by March 16, 2010.

**Interrogatories Nos. 4 & 5**

*Interrogatory No. 4: Identify the person(s) most knowledgeable about how Relevant Premium was booked to any general ledger or other accounting system or application maintained by or on behalf of The Hartford during the Relevant Period. For each such person state: (1) the time period(s) during which he or she was responsible for booking or participated in booking Relevant Premium on behalf of The Hartford; (2) his or her position and title during each such time period; and (3) the identity of his or her employer(s) during each such time period.*

*Interrogatory No. 5: Identify the person(s) most knowledgeable about the billing of Relevant Premium during the Relevant Period on behalf of The Hartford. For each such person state: (1) the time period(s) during which he or she was responsible for billing or participated in billing Relevant Premium on behalf of The Hartford; (2) his or her position and title during each such time period; and (3) the identity of his or her employer(s) during each such time period.*

AGREEMENTS:

AIG has confirmed that it seeks through this interrogatory the person(s) most knowledgeable about booking and billing Relevant Premium from the 1985-1996 time period.

The Hartford objected to AIG's definition of "Relevant Premium" on the grounds that it encompasses a scenario in which an account had multiple lines of coverage, such as Auto or General Liability coverage, that did not include workers compensation.

AIG alleges that one method through which premium was underreported to NCCI was by allocating workers compensation premium to other lines of business. To the

extent that The Hartford provides coverage for lines of business other than workers compensation to insureds for whom it also provides workers compensation coverage, AIG believes that understanding how The Hartford books and bills premium to those other lines of coverage is relevant to AIG's claims, irrespective of whether those lines of coverage are considered part of the same "account" or policy.  In light of this clarification, The Hartford agrees to supplement its response to Interrogatories Nos. 4 and 5 to identify the person(s) with relevant knowledge from the 1985-1996 time period.

**Interrogatories Nos. 9 and 13**

> *Interrogatory No. 9:  State the amount of direct workers compensation premium that The Hartford originally reported on Statutory Page 14s and annual statements by year and by State.*

> *Interrogatory No. 13:  State the amount of direct workers compensation premium originally recorded or reported by The Hartford in Call One Reports, by year and by State.*

AGREEMENT:

The Hartford has confirmed that it is continuing to search for Statutory Page 14s and Call One Reports and that its document production will be seasonably supplemented. The Hartford has further agreed to supplement its responses to Interrogatories Nos. 9 and 13 by identifying those documents by bates number as they are produced.  AIG similarly agrees to identify by bates number any documents referenced in response to Interrogatories from The Hartford.

**Interrogatory No. 10**

> *Interrogatory No. 10:  Identify all sources of information The Hartford collected, used, reviewed, referred to or relied on in determining the amount of workers compensation premium to report or include on The Hartford's original Statutory Page 14s and annual statements.*

AGREEMENTS:

AIG seeks to gain through this Interrogatory a more general understanding of the sources from which The Hartford draws information in order to determine the amount of premium to report on its Statutory Page 14s and seeks to identify the databases, archives, and other systems where this information is located.  In light of this clarification, The Hartford agrees to supplement its response to Interrogatory No. 10 to provide an explanation of how and from where The Hartford gathers information to report on its Statutory Page 14s and annual statements.  The Hartford agrees to supplement its response by March 16, 2010.

**Interrogatory No. 11**

> *Interrogatory No. 11:  To the extent The Hartford modified, restated or amended its Statutory Page 14s or annual statements at any time, or attempted to do so, state separately by year and by State, the amount of the modified, restated or amended direct workers compensation premium, the date of the modification, restatement or amendment, the recipient(s) of the modified, restated or amended data, and all reasons for the modification, restatement or amendment.*

AGREEMENT:

The Hartford has represented that it has not restated or amended its Statutory Page 14s or annual statements and accordingly has no information responsive to Interrogatory No. 11.


Dated:  March 08, 2010                            Respectfully submitted,

/s/ Stephen Novack                                  /s/ Kevin S. Reed

Stephen Novack                                      Michael B. Carlinsky
P. Andrew Fleming                                   Kevin S. Reed
NOVACK AND MACEY LLP 100                            Jennifer J. Barrett
North Riverside Plaza Chicago, IL                   QUINN EMANUEL URQUHART OLIVER &
60606                                               HEDGES, LLP
(312) 419-6900                                      51 Madison Avenue, 22nd Floor New York,
                                                    New York 10010
                                                    (212) 849-7000
*Attorneys for American International Group,*
*Inc.*
                                                    *Attorneys for American International Group,*
                                                    *Inc.*


/s/ Stephen C. Borgsdorf
Michael C. Borders
Rosa M. Tumialán
Renee L. Zipprich
Stephen C. Borgsdorf
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700

*Attorneys for The Hartford Financial Services*
*Group, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he served a copy of the foregoing **JOINT STATEMENT OF RESULTS OF MARCH 2, 2010 MEET AND CONFER REGARDING AIG'S FIRST SET OF INTERROGATORIES TO THE HARTFORD** by causing copies thereof to be sent by U.S. District Court CM/ECF e-filing system on the 8th day of March, 2010.

/s/ Andrew D. Campbell