**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) | Case No. 07 CV 2898 |
| Plaintiffs, | ) ) | Judge Robert W. Gettleman |
| v. | ) ) | Magistrate Judge Sidney I. Schenkier |
| ACE INA HOLDINGS, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, et al., | ) ) ) | |
| Counter-Claimants, | ) ) | |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Counter-Defendants. | ) ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA and OHIO CASUALTY INSURANCE COMPANY, individually, and on behalf of a class consisting of members of the National Workers Compensation Reinsurance Pool, | ) ) ) ) ) ) ) | Case No. 09 CV 2026 Judge Robert W. Gettleman Magistrate Judge Sidney I. Schenkier |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**JOINT STATEMENT OF RESULTS OF MARCH 2, 2010 MEET AND CONFER REGARDING AIG'S FIRST SET OF INTERROGATORIES TO TRAVELERS**

  Pursuant to the Court's December 11, 2009 revised procedure applicable to discovery motions in the above-captioned cases (the "Discovery Motion Protocol Order"), Defendant Travelers Insurance Group ("Travelers") and Plaintiff American International Group, Inc.

("AIG") file this Joint Statement reporting on their meet-and-confer in an attempt to resolve their disputes concerning AIG's First Set of Interrogatories to Travelers ("AIG's Interrogatories").

## I. AIG'S FIRST SET OF INTERROGATORIES

In accordance with the Court's October 6, 2009 Order scheduling merits discovery, AIG served its First Set of Interrogatories upon Travelers on November 6, 2009. Travelers served Answers and Objections to AIG's First Set of Interrogatories on January 12, 2010. Attached hereto as Exhibit A is a copy of Travelers' Responses and Objections to AIG's First Set of Interrogatories setting for each specific Interrogatory and Travelers' objections and responses to the same.

## II. REPORT ON MARCH 2, 2010 MEET AND CONFER

Pursuant to the Discovery Motion Protocol Order, AIG and Travelers exchanged letters regarding their dispute arising from Travelers' objections to AIG's Interrogatories on February 16, 2010 and February 26, 2010 respectively. A meeting of counsel to attempt to resolve remaining disputes, as required by Paragraph 3 of the Discovery Motion Protocol Order, was conducted on March 2, 2010. Counsel who discussed the Interrogatories at the meeting were Kevin Reed (for AIG), Lee Turner-Dodge (also for AIG), Norman Beck and Courtney Oliva (for Travelers).

### A. Generally Applicable Agreements and Disagreements

AIG's Interrogatories sought information from 1970 to the present. Travelers objects to AIG's Interrogatories outside the 1985-1996 timeframe. While reserving its right to seek other discovery outside of the 1985-1996 timeframe, AIG agrees not to seek information from outside of this timeframe in response to AIG's Interrogatories at this time.

### B. Agreements and Disagreements Regarding Specific Interrogatories

**Interrogatory No. 3**

> *Interrogatory No. 3: To the extent not identified in response to Interrogatory Nos. 1 or 2, identify any and all other persons who are or have been responsible for reporting or who participated in reporting workers compensation premium to NCCI on behalf of Travelers and for each such person, state: (1) the time period(s) during which he or she was responsible for reporting or participated in reporting workers compensation premium to NCCI on behalf of Travelers; (2) his or her position and title during each such time period; and (3) the identity of his or her employer(s) during each such time period.*

AGREEMENTS:

AIG has clarified that through Interrogatory No. 3 it seeks the identify of employees who would have had the responsibility for preparing reports to NCCI that do not include Call One Reports. In light of this clarification, Travelers has agreed to supplement its response to this

-2-

Interrogatory to the extent that it identifies any additional employees with such responsibilities. Travelers has agreed to supplement its response by April 6, 2010.

**Interrogatories Nos. 4 & 5**

> *Interrogatory No. 4: Identify the person(s) most knowledgeable about how Relevant Premium was booked to any general ledger or other accounting system or application maintained by or on behalf of Travelers during the Relevant Period. For each such person state: (1) the time period(s) during which he or she was responsible for booking or participated in booking Relevant Premium on behalf of Travelers; (2) his or her position and title during each such time period; and (3) the identity of his or her employer(s) during each such time period.*

> *Interrogatory No. 5: Identify the person(s) most knowledgeable about the billing of Relevant Premium during the Relevant Period on behalf of Travelers. For each such person state: (1) the time period(s) during which he or she was responsible for billing or participated in billing Relevant Premium on behalf of Travelers; (2) his or her position and title during each such time period; and (3) the identity of his or her employer(s) during each such time period.*

AGREEMENTS:

AIG has clarified that it seeks information responsive to Interrogatories Nos. 4 and 5 from the 1985-1996 time period. In light of this clarification, Travelers has agreed to supplement its responses to these Interrogatories to identify the person(s) most knowledgeable about the booking or billing of premium for insureds that had workers compensation coverage and any other line(s) of coverage during the 1985-1996 time period. Travelers will supplement its responses by April 6, 2010.

**Interrogatory No. 8**

> *Interrogatory No. 8: For each person identified in response to Interrogatory No. 7, identify: (1) the name of the proceeding in which he or she testified; (2) the parties to the proceeding in which he or she testified; and (3) the forum or venue in which the proceeding occurred.*

AGREEMENT:

Travelers has confirmed that it has not withheld any information responsive to this Interrogatory based on its objections.

**Interrogatories Nos. 9 and 13**

> *Interrogatory No. 9: State the amount of direct workers compensation premium that Travelers originally reported on Statutory Page 14s and annual statements by year and by State.*

*Interrogatory No. 13: State the amount of direct workers compensation premium originally recorded or reported by Travelers in Call One Reports, by year and by State.*

AGREEMENTS:

Travelers has supplemented its responses to these Interrogatories by identifying business records, by bates numbers, pursuant to Federal Rules of Civil Procedure 33(d), from which the answers to these Interrogatories may be determined. AIG reserves the right to seek further discovery in response to these Interrogatories upon review of the documents identified.

**Interrogatories No. 15**

*Interrogatory No. 15: Identify all instances in which Travelers booked workers compensation premium beyond that permitted under a rating plan to an "open policy" in a large multi-line contract.*

AGREEMENTS:

Travelers has represented that it has no way of responding to Interrogatory No. 15 without reviewing policy-level files. Accordingly, pursuant to the Court's November 17, 2009 Sampling Order, AIG agrees not to seek any further information responsive to this Request at this time.

**Interrogatory No. 16**

*Interrogatory No. 16: Identify all employees of Travelers who communicated with, provided documents to, or were consulted by the New York Attorney General regarding Travelers' workers compensation practices.*

AGREEMENT:

Travelers has agreed to supplement its response to this Request by identifying business records, by bates numbers, pursuant to Federal Rules of Civil Procedure 33(d), from which the answers to these Interrogatories may be determined. Travelers agrees to supplement its response by April 6, 2010. AIG reserves the right to seek further discovery in response to these Interrogatories upon review of the documents identified.

| | |
|---|---|
| Dated: March 8, 2010 | Respectfully submitted, |

/s/ Stephen Novack /s/ Kevin S. Reed

| | |
|---|---|
| Stephen Novack<br>P. Andrew Fleming<br>NOVACK AND MACEY LLP 100 North Riverside Plaza Chicago, IL 60606<br>(312) 419-6900<br><br>*Attorneys for American International Group, Inc.* | Michael B. Carlinsky<br>Kevin S. Reed<br>Jennifer J. Barrett<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>51 Madison Avenue, 22nd Floor New York, New York 10010<br>(212) 849-7000<br><br>*Attorneys for American International Group, Inc.* |

/s/ Timothy J. Rooney
Timothy J. Rooney
Norman K. Beck
Courtney M. Oliva
Samantha L. Maxfield
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

*Attorneys for Travelers*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he served a copy of the foregoing **JOINT STATEMENT OF RESULTS OF MARCH 2, 2010 MEET AND CONFER REGARDING AIG'S FIRST SET OF INTERROGATORIES TO TRAVELERS** by causing copies thereof to be sent by U.S. District Court CM/ECF e-filing system on the 8th day of March, 2010.

/s/ Andrew D. Campbell