**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 CV 2898 |
| v. | ) ) | Judge Robert W. Gettleman |
| ACE INA HOLDINGS, INC., *et al.*, | ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendants. | ) ) ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, *et al.*, | ) ) ) ) | |
| Counter-Claimants, | ) ) | |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) ) | |
| Counter-Defendants. | ) ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA, *et al.*, | ) ) ) | Case No. 09 CV 2026 Judge Robert W. Gettleman |
| Plaintiffs, | ) ) | Magistrate Judge Sidney I. Schenkier |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

**AIG'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM POOL BOARD MEMBER DEFENDANTS**

Plaintiffs American International Group, Inc. and various of its subsidiaries (collectively, "AIG") hereby move, pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), Local Rule 37.2 and this Court's Order dated December 11, 2009 (the "Discovery Motion Order"), that Berkley Risk Administrators Company, L.L.C., Chubb & Son, a division of Federal Insurance Company, Cincinnati Insurance Company, Truck Insurance Exchange, Advantage Workers Compensation Insurance Company, Alaska National Insurance Company, Amtrust Financial Services, Inc., Harleysville Mutual Insurance Company, Memic Indemnity Company, Safeco Insurance Company of America, and Utica Mutual Insurance Company's (collectively, "Pool Board Members" or "Defendants") be ordered to produce the following documents responsive to AIG's First Request for the Production of Documents (the "Requests") and AIG's proposed amended requests set forth in the Joint Statement (the "Amended Requests"):

1. Documents responsive to Request Nos. 21, 26, and 27 from January 1, 1985 to the present; and

2. Documents responsive to Request Nos. 1, 4, 14, 16, 17, 21, and 28 from January 1, 2005 to the present.

In accordance with Local Rule 37.2, AIG states that, after a meet-and-confer[1] and good faith attempts to resolve their differences, the parties were unable to reach an accord with respect to these document production requests.[2]

---

[1] Pursuant to the Discovery Motion Order, the parties met-and-conferred to resolve these disputes on February 4, 2010. The participating counsel were Kevin Reed (for AIG), Christopher Thompson (for Chubb), Christine Van Gelder (for Berkley), Daniel Litchfield (for Cincinnati), Stacy Allen (for Truck), Mike Sher and Emily Milman (for Advantage Workers Compensation Insurance Company, Alaska National Insurance Company, Amtrust Financial Services, Inc., Harleysville Mutual Insurance Company, Memic Indemnity Company, Safeco Insurance Company of America, and Utica Mutual Insurance Company), William Hannay and Charles Peters (for the Pool), and Rowe Snider (for NCCI).

[2] Pursuant to the Discovery Motion Order, attached are: (i) a copy of the Requests (Exhibit A); (ii) letters from AIG's counsel to each Pool Board Member, dated Jan. 12, 2010, setting forth the deficiencies in each members' responses to the Requests (Exhibit B,

**ARGUMENT**

**I.   DEFENDANTS SHOULD PRODUCE DOCUMENTS FROM JANUARY 1, 1985 FOR CERTAIN REQUESTS**

Defendants seek to limit any document production obligation to the time period of January 1, 2005 to March 17, 2008. (*See* J. Statement, § III.B, at 6.) While AIG agrees to a January 1, 2005 start date with respect to certain of its requests, those requests related to AIG's allegations of underreporting (*i.e.*, Request Nos. 21, 26, and 27) should encompass a timeframe beginning at least as of January 1, 1985. Request Nos. 26 and 27 reference an NCCI management summary and multistate examination report, respectively, that support AIG's allegations that underreporting was widespread during the 1980's and 1990's. To the extent that any of the Defendants, upon receiving these reports, generated documents in which they agreed, disagreed or otherwise commented on the reports' findings about misreporting of premium, such documents are relevant to AIG's offensive and defensive contention that premium underreporting was both widespread and well known during the time period at issue in this case. Further, in light of this relevance and given that these requests are limited to documents concerning only these reports, searching for such documents does not impose an undue burden upon Defendants.

Defendants contend that that their status as "Non-Underreporters" and the Court's prior ruling with respect to the production of so-called "business practices" documents relieve them of any obligation to produce documents responsive to these requests. Defendants are incorrect. *First*, that prior decision was largely predicated on the Court's unwillingness to require companies not accused of underreporting to search policy-level files dating back to 1970 for

---

alphabetized by name of Defendant); Pool Board Members' counsels' letters to AIG, dated January 22, 2010, in response (Exhibit C, alphabetized by name of Defendant); and (iv) the parties' Joint Statement reporting on the results of the February 4, 2010 meet-and-confer (Exhibit E).

evidence of underreporting by others. But AIG's narrowed request seeks documents going back only to 1985 (when the residual market crisis began) and do not require a review of any policy-level files, thus significantly reducing Defendants' burden while targeting a time period during which responsive documents are more likely to be found.

*Second*, AIG's First Amended Complaint contains allegations regarding underreporting by other reporting companies during the post-1985 time period that are more detailed than those contained in the complaint that was operative when the Court issued its prior order. (*See, e.g.*, First Am. Compl. ¶¶114, 116, 120, 123, 125, 132, 134, 139.) The widespread awareness and practice of underreporting by Pool companies is directly relevant both to AIG's claims against the Defendants alleged to be underreporters, as well as to AIG's claims against the Pool Board Members based upon their refusal to investigate underreporting by companies other than AIG.

*Third*, these litigations are now at a more advanced stage; discovery is in full swing and to the extent the Court's prior order was guided by a desire to "stage" discovery and stagger burdens, AIG submits that it is now appropriate to require Defendants to search for documents that go to a significant part of AIG's claims and defenses.

It also bears noting that the Court has recently ruled that Defendants are entitled to discovery into alleged underreporting by AIG covering the period from 1970 through in or around 2005. (*See* Hearing Tr., dated Jan. 20, 2010, at 22-23 (excerpts attached hereto as Exhibit D).) AIG submits that, even if the scope of discovery allowed to each side in this case is not precisely parallel, it is appropriate that AIG be allowed latitude at least similar to that afforded the other parties in this case. Defendants urge that the broad time period set for discovery against AIG is appropriate because AIG is an "admitted underreporter"—presumably based on the Joye Memo and the New York Attorney General's proceedings. However, the time period

addressed by the New York Attorney General and the Joye Memo (which was written in 1992) was 1985-1996, and, Defendants have not adduced any evidence suggesting that underreporting by AIG occurred outside of that period.  The Court nonetheless granted Defendants discovery against AIG going back to 1970 and forward to nearly the present, reasoning that Defendants have alleged underreporting during that period and are entitled to try and prove it.  AIG, for its part, has alleged that whatever underreporting took place was widely known and widespread among the insurance industry.  (*See* First Am. Compl. ¶¶ 64-71.)  Further, AIG has alleged specific instances of underreporting dating back to the mid-1980s.  (*See, e.g.,* First Am. Compl. ¶¶ 68, 123, 125, 139.)  AIG, like Defendants, should be allowed discovery to prove these key allegations underlying its claims.

## II.  DEFENDANTS SHOULD PRODUCE DOCUMENTS THROUGH THE PRESENT FOR CERTAIN REQUESTS

AIG is seeking documents created subsequent to March 17, 2008 only with respect to Request Nos. 1, 4, 14, 16, 17, 21 and 28, but Defendants refuse to produce any documents generated after March 17, 2008—the date AIG filed its initial Third Party Complaint.  (*See* J. Statement, § III.B, at 11.)  Defendants' proposed cut-off date should be rejected, especially in light of AIG's allegations of *continuing* misconduct.  *See Bryant v. Mattel, Inc.*, Nos. C 04-09049, CV 04-09059, CV 05-2727, 2007 WL 5416681, at *6, 10 (C.D. Cal. Jan. 26, 2007) (compelling discovery over objection that defendant was not entitled to discover materials generated after the suit was filed).

AIG alleges in its First Amended Complaint, dated October 9, 2009, that the Pool Board Members, under the sway of the Underreporting Pool Board Members, engaged, and, to the extent still on the Pool Board, are engaging, in a *continuing* breach of their fiduciary duties to NWCRP participating companies, including AIG, by conspiring to disable the Workers

Compensation Fund that resulted from the settlement of the New York Attorney General's investigation of AIG in 2005 and 2006, and by failing to investigate workers compensation premium underreporting by participating companies other than AIG.  In support of this claim, AIG has alleged that the Board failed to investigate underreporting even after AIG's complaint put the Board on notice that there was reason to suspect improper action by some of its members, and AIG contends that this dereliction of duty has continued after the filing of AIG's First Amended Complaint, which contains more detailed allegations of underreporting by other participating companies.  (*See* First Am. Compl. ¶¶ 7, 107.)  Moreover, the Pool Board has continued to preclude interested parties from claiming against the Workers Compensation Fund.  Because this misconduct is ongoing, AIG continues to experience injury.  Accordingly, the Relevant Time Period for these Requests should extend to the present.

Defendants also object to producing documents through the present on the grounds that much of the requested material is privileged and covered by a joint defense agreement between them, and that logging such materials would be unduly burdensome.  (*See* J. Statement, §§ III.B, III.D, at 12, 14; 16.)  As an initial matter, "[b]lanket objections to requests for production based on privilege will not suffice to prevent production." *Cunningham v. SmithKline Beecham*, 255 F.R.D. 474, 480-81 (N.D. Ind. 2009) (*citing Holifield v. U.S.*, 909 F.2d 201, 204 (7th Cir. 1990)).  In any event, as detailed in the parties' Joint Statement, AIG does not seek to obtain day-to-day joint defense communications or require Defendants to log such documents.  Rather, AIG has tailored its requests to capture only documents of particular relevance and to avoid unnecessary burden.  Accordingly, Defendants' "privilege" objections should be rejected.

## **CONCLUSION**

For the reasons set forth above, AIG respectfully requests that the Motion to Compel be granted.

5

        Respectfully submitted,

        PLAINTIFFS AMERICAN INTERNATIONAL GROUP, INC., et al.,

        By: /s/ P. Andrew Fleming
             One of Their Attorneys

Stephen Novack
P. Andrew Fleming
John F. Shonkwiler
Andrew D. Campbell
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

Michael B. Carlinsky
Kevin S. Reed
Jennifer J. Barrett
QUINN EMANUEL URQUHART OLIVER
  & HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing **AIG'S MOTION TO COMPEL PRODUCTION FROM POOL BOARD MEMBER DEFENDANTS** was served upon all counsel of record in this action via the U.S. District Court CM/ECF e-filing system on March 9, 2010.

By: /s/ Andrew D. Campbell