**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., *et al.,* | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 CV 2898 |
| v. | ) ) | Judge Robert W. Gettleman |
| ACE INA HOLDINGS, INC., *et al.,* | ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendants. | ) ) ) ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, *et al.*, | ) ) ) ) | |
| Counter-Claimants, | ) ) | |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) ) | |
| Counter-Defendants. | ) ) ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA, *et al.*, | ) ) | Case No. 09 CV 2026 Judge Robert W. Gettleman |
| Plaintiffs, | ) ) | Magistrate Judge Sidney I. Schenkier |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

**AIG'S MOTION TO COMPEL RESPONSES TO AIG'S FIRST SET OF
<u>INTERROGATORIES TO ALL POOL BOARD MEMBERS</u>**

Plaintiffs American International Group, Inc., and various of its subsidiaries (collectively, "AIG") hereby move, pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), Local Rule 37.2 and this Court's Order dated December 11, 2009 (the "Discovery Motion Order"), that ACE INA Holdings, Inc. ("ACE"), Berkeley Risk Administrator Co. ("Berkeley Risk"), Chubb & Son ("Chubb"), Cincinnati Insurance Company ("Cincinnati"), The Hartford Financial Services Group, Inc. ("Hartford"), Liberty Mutual Insurance Company ("Liberty"), Truck Insurance Exchange ("Truck"), The Travelers Companies, Inc. ("Travelers"), Advantage Workers Compensation Insurance Company ("Advantage"), Alaska National Insurance Company ("Alaska"), Amtrust Financial Services, Inc. ("Amtrust"), Harleysville Mutual Insurance Company ("Harleysville"), Companion Property and Casualty Insurance Company ("Companion"), Guard Insurance Group, Inc. ("Guard"), General Casualty Company of Wisconsin ("General"), Memic Indemnity Company ("Memic"), Safeco Insurance Company of America ("Safeco"), Utica Mutual Insurance Company ("Utica" and together with Advantage, Alaska, Amtrust, Harleysville, Companion, Guard, General, Memic, and Safeco, the "NGE Parties") (collectively the "Pool Board Member Defendants" or "Defendants"), be ordered to respond to the following Interrogatories from AIG's First Set of Interrogatories To All Pool Board Member Defendants (the "Interrogatories"):

1. Interrogatory No. 10, which requests the dates, attendees, and subject matters of all meetings of the AIG Ad Hoc Committee, as well as an indication of whether minutes were recorded; and

2. Interrogatories Nos. 13, 14, 20, 21, 22, 24, and 25, which request identification of whether and when certain communications or discussions occurred.

AIG further moves that the Pool Board Member Defendants should be ordered to identify informal meetings of the Board members in response to Interrogatories Nos. 10, 13, 14, 18, 19, 20, 21, 22, and 24.

In accordance with Local Rule 37.2, AIG states that, after a meet-and-confer[1] and good faith attempts to resolve their differences, the parties were unable to reach an accord with respect to these document production requests.[2]

## ARGUMENT

### I. The Pool Board Members Should Respond to Interrogatories Nos. 10, 13, 14, 20, 21, 22, 24, and 25

AIG's Interrogatories Nos. 10, 13, 14, 20, 21, 22, 24, and 25 seek the subject matters discussed at certain Pool Board committee meetings, the identification of any meetings of the Pool Board concerning specific topics, and the identification of other communications on a certain topic. Defendants and counsel for the Pool object to these interrogatories on the basis of the attorney-client privilege, the work product doctrine, and/or the joint-defense or common-interest rule. As demonstrated in the Joint Statement, as well as AIG's Memorandum of Law Regarding The Attorney-Client Privilege, filed on March 29, 2010 ("Privilege Brief") (Dkt. # 598), Defendants' reliance on the attorney-client privilege is misplaced. These Interrogatories do

---

[1] On February 24, 2010, pursuant to Paragraph 3 of the Discovery Motion Protocol Order, counsel conducted a meet-and-confer to attempt to resolve their disputes. Jennifer Barrett and Kevin Reed (for AIG), Michael Borders and Renee Zipprich (for Hartford), Thomas Griffin (for ACE), Courtney Oliva (for Travelers), Mark Schwartz (for Liberty Mutual), Christine van Gelder (for Berkley), Omar Odland (for Cincinnati), Chris Thompson (for Chubb), Stacy Allen (for Truck), Michael Sher and Emily Mulder Milman (for the NGE Parties), and Charles Peters and William Hannay (for the Pool) participated in the meet-and-confer.

[2] Pursuant to the Discovery Motion Protocol Order, attached are: (i) a copy of the Pool Board Member Defendants' Objections and Responses to AIG's Interrogatories to All Pool Board Member Defendants (Exhibit A); (ii) letters from AIG's counsel to each Pool Board Member, dated February 2, 2010, setting forth the deficiencies in each members' responses to the Requests (Exhibit B); (iii) the Pool Board Members' letters in response to AIG, dated February 16, 2010 (Exhibit C); (iv) a letter from the Pool dated February 16, 2010, asserting its claims of privilege (Exhibit D); and (v) the parties' Joint Statement reporting on the results of the February 24, 2010 meet-and-confer ("Joint Statement") (Exhibit E).

not seek privileged information.  Accordingly, Defendants should be required to respond to them in full.

        A.      Interrogatory No. 10

Interrogatory No. 10 seeks the dates of, participants to, and subject matters discussed at, meetings of the Ad Hoc Committee.  Defendants assert that "[e]very meeting of the Ad Hoc committee consists of privileged communications with Board counsel and litigation counsel." *See* Joint Statement at 9.   However, such blanket assertions of privilege are prohibited.  The mere presence of counsel or the fact that many privileged discussions took place at meetings of the Ad Hoc Committee does not justify Defendants' refusal to reveal any information about such meetings.  *See, e.g., Allen v. Chicago Transit Auth.*, 198 F.R.D. 495, 499 (N.D. Ill. 2001) (citing *United States v. Evans*, 113 F.3d 1457, 1461 (7th Cir. 1997)); *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 449 (N.D. Ill. 2006) discussions); *Sandholm v. Dixon Public Sch. Dist. No. 170*, No. 09 C 50119, 2010 WL 899032, (N.D. Ill. Mar. 10, 2010); *Wilstein v. San Tropai Condo. Master Ass'n*, 189 F.R.D. 371, 378 (N.D. Ill. 1999); s*ee generally* Joint Statement at 6-8; Privilege Brief at 1-6.

Interrogatory No. 10 does not ask Defendants to reveal the substance of any privileged communications that took place at the Ad Hoc Committee meetings.   Rather, AIG seeks only identification of the subject matters discussed.  It is well-established that the attorney-client privilege does not protect against disclosure of the subject matter of communications with counsel, even if the substance of the underlying communication with counsel is privileged.  *See Wilstein*,189 F.R.D. at 380 ("[Q]uestions that do not violate the attorney-client privilege might include:  What topics were discussed in an executive session?"); *see also Blumenthal v. Drudge*,

186 F.R.D. 236, 242 (D.D.C. 1999); Joint Statement at 6-7. It is only by obtaining this information that AIG can begin to evaluate the broad claims of privilege asserted by the Pool.

Accordingly, Defendants should be required to respond to Interrogatory No. 10 in full.

B.  Interrogatories Nos. 13, 14, 20, 21, 22, 24 and 25

Interrogatories Nos. 13, 14, 20, 21, 22, 24 and 25 seek to uncover whether any certain subject matters were discussed and, if so, the dates and participants of such communications. As with Interrogatory No. 10, these Interrogatories do not ask Defendants to reveal the substance of any underlying communications with an attorney for the purpose of seeking or receiving legal advice. *See Wilstein,* 189 F.R.D. at 379 (N.D. Ill. 1999) ("The party seeking to assert the privilege must show that the particular communication was part of a request for advice or part of the advice, and that the communication was intended to be and was kept confidential."). Rather, these requests seek only to identify communications that occurred; no further information is requested at this time. *See* Joint Statement at 8-9.

The identification of meetings at which these topics were discussed reveals no more than the subject matter of a communication. For the same reasons articulated with respect to Interrogatory No. 10, this is not privileged information. *See Wilstein,* 189 F.R.D. at 380 (N.D. Ill. 1999). Moreover, to the extent a lawyer was present at a meeting where one of these topics was discussed, that alone does not make the contents of the meeting privileged, nor does it *per se* indicate that the topic in question was discussed with a lawyer. AIG has not asked and the interrogatories do not require Defendants to disclose whether the lawyer was a direct or indirect participant in the discussion of the topic or merely an observer. Accordingly, Defendants should be required to respond to these Interrogatories in full.

4

## II. AIG's Definition of Meeting Should Be Construed To Include "Informal Meetings"

Many of AIG's Interrogatories ask Defendants to identify meetings at which certain topics were discussed. AIG believes that the term "Meeting" should be construed to include both formal meetings of the Pool Board and its committees, as well as informal meetings between or among Pool Board Members arising out of or for the purpose of discussing Pool Board business.

The type of informal meetings about which AIG seeks information would include meetings among Pool Board members prior to formal Board meetings, dinners attended by several Pool Board representatives at which Pool Board business was discussed, conversations among Pool Board members in the hallway or elevator following a formal meeting where Pool Board business was discussed, or discussions that occurred at the annual Pool Board golfing outings concerning Pool Board business. To the extent that Pool Board business was discussed at any such gatherings, AIG believes these constitute meetings of the Pool Board Members.

The discovery sought by AIG concerning such meetings is reasonably calculated to lead to the discovery of admissible evidence. Indeed, these "off the record" discussions are more likely to contain information relevant to AIG's conspiracy claims than those that take place within the formal Board room. Given Defendants' assertion of a blanket privilege over most activities and discussions that occurred during formal Pool Board meetings, AIG's ability to obtain discovery concerning the conversations that took place *outside* of the Board room is all the more necessary in order for AIG to develop its claims of a concerted effort among Pool Board Members to turn a blind eye to underreporting by companies other than AIG.

## CONCLUSION

For the reasons set forth above, AIG respectfully requests that the Court grant its motion to compel in all respects.

        Respectfully submitted,

        PLAINTIFFS AMERICAN INTERNATIONAL
        GROUP, INC., *et al.,*

        By:  /s/  P. Andrew Fleming
        One of Their Attorneys

Stephen Novack
P. Andrew Fleming
Andrew D. Campbell
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

Michael B. Carlinsky
Jennifer J. Barrett
Kevin S. Reed
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
(212) 849-7000

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing **AIG'S MOTION TO COMPEL RESPONSES TO AIG'S FIRST SET OF INTERROGATORIES TO ALL POOL BOARD MEMBERS** was served upon all counsel of record in this action via the U.S. District Court CM/ECF e-filing system on April 2, 2010.

By: /s/ Andrew D. Campbell