**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 CV 2898 |
| v. | ) ) | Judge Robert W. Gettleman |
| ACE INA HOLDINGS, INC., et al., | ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendants. | ) ) ) ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, et al., | ) ) ) ) | |
| Counter-Claimants, | ) ) | |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) ) | |
| Counter-Defendants. | ) ) ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA, et al., | ) ) ) | Case No. 09 CV 2026 Judge Robert W. Gettleman |
| Plaintiffs, | ) ) | Magistrate Judge Sidney I. Schenkier |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**AIG'S MOTION TO COMPEL 30(B)(6) DEPOSITION TESTIMONY AND
<u>DOCUMENTS FROM TRAVELERS INSURANCE GROUP</u>**

Plaintiffs American International Group, Inc., and various of its subsidiaries (collectively, "AIG") hereby move, pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iv), Local Rule 37.2, and this Court's Order dated December 11, 2009 (the "Discovery Motion Order"), that Travelers Insurance Group ("Travelers") be ordered to produce a witness to testify about Topic 1 listed on Schedule A of AIG's 30(b)(6) deposition notice ("Deposition Topic 1"), which states:

> Topic 1: The identification, organization, and structure of all divisions, profit centers, or management companies of Travelers that wrote multi-line accounts that included workers compensation coverage during the period from 1970 to the present.

AIG further moves that Travelers be ordered to produce documents responsive to Request Nos. 1 through 5 of AIG's Third Set of Requests for Production to Travelers ("Third Requests"), which are as follows:

> Request No. 1: Documents sufficient to show the organization and structure of all departments, divisions, profit centers, subsidiaries, or management companies of Travelers that wrote workers compensation policies, or multi-line accounts that included workers compensation coverage, during the period from 1970 to the present.
>
> Request No. 2: Documents sufficient to show the years of operation of, and the identities and responsibilities of all executive-level employees in, all of the Travelers departments, divisions, profit centers, subsidiaries, or management companies that wrote workers compensation policies, or multi-line accounts that included workers compensation coverage, during the period from 1970 to the present.
>
> Request No. 3: Documents sufficient to describe all databases and other repositories of electronic data that contain compilations of policy-level data, including claims arising under particular policies, used in Travelers' workers compensation business during the period from 1970 to the present.
>
> Request No. 4: Documents sufficient to describe the relationships between Travelers' information technology systems and electronic data repositories used in Travelers' workers compensation business.
>
> Request No. 5: Documents sufficient to provide a graphic representation, visual depiction, network topology, or system schematic revealing the relationships and

data flows between Travelers' information technology systems and electronic data repositories used in Travelers' workers compensation business.

In accordance with Local Rule 37.2, AIG states that, after a meet-and-confer[1] and good faith attempts to resolve their differences, the parties were unable to reach an accord with respect to AIG's 30(b)(6) deposition notice[2] and document production requests.[3]

## ARGUMENT

Deposition Topic 1 and Third Request Nos. 1-5 seek threshold discovery intended to allow AIG to understand the structure and nature of Travelers' workers compensation business. While reserving its right to seek further discovery, AIG has at this time agreed to limit this discovery to the 1985-1996 time period. Travelers, however, seeks to impose two additional limitations on its testimony and document production. First, Travelers seeks to limit this discovery to Travelers business units that wrote multi-line accounts with at least $100,000 in

---

[1] Pursuant to the Discovery Motion Order, the parties met-and-conferred to resolve these disputes on April 14 and April 19, 2010.

[2] With respect to the deposition notice dispute, attached hereto are copies of: (i) AIG's 30(b)(6) deposition notice, served December 3, 2009 (Exhibit A); (ii) Travelers' Objections to AIG's 30(b)(6) notice, served December 21, 2009 (Exhibit B); (iii) March 22, 2010 letter from AIG to Travelers proposing to bifurcate the deposition at issue (Exhibit C); (iv) March 30, 2010 letter from Travelers in response thereto (Exhibit D); (v) April 1, 2010 email from AIG to Travelers requesting a meet and confer (Exhibit E); (vi) April 2, 2010 letter from Travelers to AIG requesting that AIG first set forth its position in a letter (Exhibit F); (vii) April 6, 2010 letter from AIG to Travelers setting forth AIG's position on Travelers' objections to the scope of Topic 1 (Exhibit G); (viii) April 13, 2010 letter from Travelers in response thereto (Exhibit H); and (ix) the parties' Joint Statement reporting on the results of the April 14 and April 19, 2010 meet-and-confers (Exhibit I).

[3] With respect to the document production requests dispute, attached hereto are copies of: (i) AIG's Third Set of Requests for the Production of Documents to Travelers, served March 2, 2010 (Exhibit J); (ii) Travelers' Objections and Responses to AIG's Requests, served April 1, 2010 (Exhibit K); (iii) April 7, 2010 deficiency letter from AIG to Travelers (Exhibit L); (iv) April 8, 2010 letter from AIG to Travelers requesting clarification of Travelers' use of the term "business units" (Exhibit M); (v) April 9, 2010 letter from AIG to Travelers requesting a date by which Travelers will produce responsive documents (Exhibit N); and (vi) April 14, 2010 letter from Travelers to AIG responding to AIG's April 7, 8, and 9, 2010 letters (Exhibit O).

2

premium. Second, Travelers seeks to limit this discovery to Travelers business units that wrote loss-sensitive business, excluding those divisions that wrote guaranteed cost policies only. AIG disagrees and moves to compel Travelers to present a witness to testify to this deposition Topic in full and to produce all documents responsive to Third Request Nos. 1-5.

**I.       The Discovery Sought By AIG Seeks Relevant Information**

Topic 1 and Third Request Nos. 1-5 seek limited, threshold discovery about the organization and structure of Travelers' workers compensation business. This discovery is unquestionably relevant to AIG's underreporting claims against Travelers, and Travelers' complete responses to this discovery should allow AIG to tailor effectively its future discovery requests. Indeed, in order to focus discovery appropriately in this complex litigation, this Court has supported discovery designed to help the parties better understand each other's business structure. *See, e.g.,* Transcript of October 2, 2008 Hearing before the Honorable Sidney I. Schenkier at 73:11-74:4 (ordering AIG to produce a 30(b)(6) witness to testify to the kinds and amount of workers compensation business written by divisions outside Divisions 50 and 55).

There is no justification for limiting AIG's threshold discovery to divisions that wrote only accounts with an aggregate premium of at least $100,000. Travelers suggests that this limitation is appropriate because it will focus discovery on the large policies that are supposedly of most interest to AIG. However, AIG is not seeking information about policies through this discovery; it seeks to learn about the structure of Travelers' business – *i.e.*, the various types of workers compensation business that Travelers wrote and how and where Travelers wrote it. Moreover, nothing in the First Amended Complaint ("FAC") suggests that AIG's allegations concerning the methods by which Travelers underreported workers compensation premium was limited to policies of a certain size.

There is also no justification for limiting this discovery to loss-sensitive business. AIG has alleged specifically in its FAC that "Travelers' premium underreporting was not limited to retrospectively rated [i.e. loss sensitive] policies," FAC ¶ 131, but extended to guaranteed cost policies as well, *id.* Moreover, given the complicated nature of this case and the various methods by which the parties are alleged to have underreported premium, AIG should be permitted to gain a full understanding of Travelers' workers compensation business, including both its guaranteed cost and loss sensitive accounts.

## II. The Discovery Sought By AIG Is Not Unduly Burdensome

Travelers' argument that AIG's discovery is unduly burdensome is not persuasive. Contrary to Travelers' suggestion, responding to AIG's Topic 1 and Third Request Nos. 1-5 does not require Travelers to produce documents or witnesses with respect to every dollar of workers compensation premium written by Travelers during the relevant time period. Rather, complying with AIG's discovery requests would only require Travelers to prepare a witness to testify about, and produce documents sufficient to show, the structure of the Travelers' business units that wrote its workers compensation business.

Given that this entire litigation revolves around workers compensation business practices, AIG fails to see how requests for documents and witness testimony concerning the manner by which Travelers' workers compensation business was structured over only a 10-year period could be construed as unduly burdensome -- particularly in light of the fact that AIG has produced documents and presented witness testimony concerning similar topics over a much broader 40-year period. Indeed, pursuant to the Court's order of October 2, 2008, AIG produced a witness prepared to testify about the workers compensation business written by more than 50 AIG divisions.
4

## **CONCLUSION**

For the reasons set forth above and in the Joint Statement, AIG respectfully submits that this Motion to Compel should be granted in its entirety.

Respectfully submitted,

PLAINTIFFS AMERICAN INTERNATIONAL GROUP, INC., et al.,

By: /s/ P. Andrew Fleming
      One of Their Attorneys

Stephen Novack
P. Andrew Fleming
Andrew D. Campbell
Rebekah Parker
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

Michael B. Carlinsky
Jennifer J. Barrett
Kevin S. Reed
Quinn Emanuel Urquhart
  & Sullivan, LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
(212) 849-7000

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a copy of the foregoing **AIG'S MOTION TO COMPEL 30(B)(6) DEPOSITION TESTIMONY AND DOCUMENTS FROM TRAVELERS INSURANCE GROUP** was served upon all counsel of record in this action via the U.S. District Court CM/ECF e-filing system on April 20, 2010.

/s/ Rebekah H. Parker