## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, <br>     Plaintiffs, <br> v. <br> ACE INA HOLDINGS, INC., *et al.*, <br>     Defendants. | No. 07 C 2898 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Sidney I. Schenkier |
| LIBERTY MUTUAL INSURANCE CO., *et al.*, <br>     Counter-Claimants, <br> v. <br> AMERICAN INTERNATIONAL GROUP, INC., *et al.*, <br>     Counter-defendants. | |
| SAFECO INSURANCE COMPANY OF AMERICA, *et al.*, <br>     Plaintiffs, <br> v. <br> AMERICAN INTERNATIONAL GROUP, INC., *et al.*, <br>     Defendants. | No. 09 C 2026 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Sidney I. Schenkier |

## ORDER

This matter comes before the Court for status and on various motions to compel. For the reasons stated on the record, it is hereby ordered:

1.  **AIG's Motion for Protective Order (07 C 2898: doc. # 602).** The motion is denied. AIG may not serve any further subpoenas on Participating Companies absent leave of court, which will be granted on good cause shown.

2.  **AIG's Motion to Compel Responses to AIG's First Set of Interrogatories to All Pool Board Members (07 C 2898: doc. # 604).** AIG's motion to compel is denied in part and deferred in part as follows: (a) the motion is denied as to Interrogatory No. 10; (b) the motion to compel as to Interrogatories 13-14, 20-22 and 24-25 is deferred pending submission for *in camera* review of Pool Board minutes and notes taken by Pool Board members at meetings, along with an explanatory memorandum, all of which shall be provided to chambers by 05/14/10; and (c) the motion is denied with respect to AIG's request to define "Pool Board Meetings" to include informal conversations between Pool Board members outside of a formal meeting context, without prejudice to AIG serving interrogatories seeking information concerning communications between Pool Board members, outside of formal meetings, with respect to the topics set forth in Interrogatories 13-14, 20-22, and 24-25.

3.  **AIG's Motion to Compel Production of Documents from the Alleged Underreporters (07 C 2898: doc. # 614).** The motion to compel is granted in part and denied in part as follows: (a) the motion is granted as to AIG's First Request Nos. 2, 10, 11-13 as to Ace, Hartford, Traveler's and Liberty; AIG's First Request No. 15 to Ace; AIG's First Request No. 15 as to Sentry; AIG's First Request Nos. 15-16 as to Traveler's; and AIG's First Request Nos. 15-19 as to Liberty, with the time period for production 01/01/85 - 12/31/96 for all respondents except Liberty, for which the time period extends back to 01/01/70; (b) the motion is withdrawn as to AIG's First Request No. 6 directed to Sentry, which has agreed to produce the requested documents; and

2

(c) the motion is denied as to AIG's Second Request Nos. 3 (directed to Liberty) and 21 (directed to all respondents). Responsive documents shall be produced by 06/23/10.

4. **Liberty Mutual's Motion to Compel Answers to its Second Set of Interrogatories(07 C 2898: doc. # 623).** Liberty's motion is (a) granted as to Interrogatory No. 10, and (b) denied as to Interrogatory No. 14, provided that in its Rule 33(d) response AIG specifically identify the documents that provide the requested information, and state in the response (on oath) that the documents disclose each non-NWCRP Residual Market Pool, Guaranty Fund or Special Purpose Fund to whom AIG reported workers compensation premium during the years in question.

5. **AIG's Motion to Compel 30(B)(6) Deposition Testimony and Documents from Traveler's (07 C 2898: doc. # 625).** The motion to compel as to Topic 1 and Requests Nos. 1-5 of AIG's Third Set of Document Requests is granted; we deny Traveler's objection that the topic and the document production should be limited to policies exceeding $100,000 in premium and that are loss sensitive. Traveler's shall complete the production of responsive documents by 05/31/10. Traveler's shall produce a Rule 30(b)(6) witness on Topic 1 on a date mutually agreeable to the parties, but no later than 06/30/10.

6. **The Sampling Project.** The parties reported on their progress in working with Dr. Kadane to create a sampling methodology for policy level files, including the pilot sample project that is ongoing. The Court directed the parties to make the sampling project a top priority matter, and to report further on it at the next status hearing.

7. **Miscellaneous.** The Court set the following additional dates: (a) AIG shall complete production to Liberty Mutual of the documents required by the 03/12/10 order (granting in part Liberty's motion to compel (07 C 2898: # 572) by 05/14/10; and (b) the Court orders that the

3

additional information and log required by the 04/12/10 order concerning the Ad Hoc Committee by served by 05/19/10. With respect to the procedures for bringing certain matters to the attention of the Court, we order that the following matters shall not be governed by the discovery motion protocol: (a) requests to place matters (other than motions) on the agenda for discussion at court hearings, which the parties shall do with a joint letter delivered to chambers at least three business days before the date of the hearing; and (b) requests for the Court to clarify or correct an error in a ruling, which the parties may pursue with a joint letter to the Court.

8. **Next Status.** The matter is set for a status hearing with the magistrate judge on June 4, 2010 at 9:30 a.m.

**ENTER:**

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**DATE: April 23, 2010**