# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07 C 2898 |
| ACE INA HOLDINGS, INC., *et al.*, | ) ) | Judge Robert W. Gettleman |
| Defendants. | ) ) ) | |
| _____ | ) ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, *et al.*, | ) ) ) | |
| Counter-Claimants, | ) ) | |
| v. | ) ) | |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) ) | |
| Counter-Defendants. | ) ) | |
| _____ | ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 09 C 2026 |
| AMERICAN INTERNATIONAL GROUP, INC., *et al.*, | ) ) ) | Judge Robert W. Gettleman |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

In this long and procedurally complicated lawsuit plaintiffs American International

Group, Inc., ("AIG") and its affiliates and subsidiaries have sued defendants and counter-plaintiffs the National Workers Compensation Reinsurance Pool (the "NWCRP" or the "Pool"); the Pool's administrator and attorney-in-fact, The National Counsel of Compensation Insurance, Inc., nineteen insurance companies that have served on the Pool's Board of Governors, and Sentry, an insurance company that participates in the Pool and which allegedly under-reported premium data. The complaint alleges violations of the Racketeering Influence Corrupt Organization Act ("RICO"), civil conspiracy, breach of fiduciary duty, fraud, breach of contract, unjust enrichment, equitable accounting, and an action on an open, mutual and current account.

On June 30, 2010, as part of a comprehensive Memorandum Opinion and Order ruling on a number of motions, the court denied the Pool's motion to dismiss Counts IX and X containing the claims for equitable accounting and open account, the only two claims brought against it. *AIG v. ACE INA Holdings, Inc.,* ____ F. Supp, 2d ____, 2010 WL 2674656 (N.D. Ill. 2010).[1] One of the arguments raised by the Pool in its motion to dismiss was that it is not an entity capable of being sued because it is merely a collection of contracts. The court rejected this argument as moot based on having taken judicial notice that "on January 1, 2010, the NWCRP became the National Workers Compensation Reinsurance Association ("NWCRA"), a not-for-profit corporation responsible for the reinsurance pooling mechanism." *Id.* at *7.

NWCRP has moved to reconsider that portion of the court's opinion, arguing that NWCRA is a new not-for-profit corporation separate and distinct from NWCRP, which

---

[1]In addition to its June 30, 2010 Opinion, the court has issued two other Memorandum Opinions that more completely describe the parties, claims and procedural history. *Nat'l Counsel on Comp. Ins., Inc. v. AIG,* 2009 WL 2588920 (N.D. Ill. Aug. 20, 2009); *NCCI v. AIG,* 2009 WL 466802 (N.D. Ill. Feb 23, 2009).

continues to be responsible for overseeing reinsurance risks arising prior to policy year January 1, 2010. NWCRP was not merged into, acquired by or otherwise assumed by NWCRA.

The Court agrees with the Pool that the documents attached to its motion to reconsider demonstrate that the court was mistaken when it concluded that NWCRP became NWCRA. Consequently, the court vacates the portion of its June 30, 2010 Memorandum Opinion indicating that NWCRP became NWCRA.

The court's denial of the Pool's original motion to dismiss is not, however, affected by the instant ruling. This court has already held that the Pool is an unincorporated association. *NCCI v. AIG*, 2009 WL 2588902 at *7; *NCCI v. AIG*, 2007 WL 436537 at *2 (N.D.Ill. Dec. 11, 2007) (Schenkier, MJ); *see also NCCI v. AIG,* 2009 WL 466802. Two other courts have reached the same conclusion. *Four Way Plant Farm, Inc. v. NCCI*, 894 F. Supp. 1538, 1545-47 (M.D. Ala. 1995); *Granite State Ins. Co. v. Abateco Serv., Inc.,* 1996 LEXIS 18213, at *15-17 (E.D. Va. Oct. 24, 1996).

As an unincorporated association the Pool has the capacity to be sued in this court if it has the capacity to be sued under Illinois law. FED. R. CIV. P. 17(b)(3). Under Illinois law the Pool qualifies as a voluntary unincorporated association that may sue or be sued in its own name. 735 ILCS 5/2-209.1. Consequently, the Pool's Motion to Reconsider the denial of its original Motion to Dismiss is denied.

## **CONCLUSION**

For the reasons explained above, NWCRP's motion to reconsider (doc. 674) is granted in part and denied in part. The court vacates the portion of its June 30, 2010, Memorandum Opinion and Order that indicates that NWCRP became NWCRA. The motion for

reconsideration is denied in all other respects. NWCRP is ordered to answer the complaint on or before October 14, 2010.

**ENTER:** **September 16, 2010**

_____
**Robert W. Gettleman
United States District Judge**